LOUISE C. ENGLAND ET AL. *v*. THE TOWN OF
COVENTRY ET AL.

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued February 5—decision released March 31, 1981

*Robert W. Gordon,* for the appellants (plaintiffs).

*Brian S. Mead,* with whom was *Abbot B. Schwebel,* for the appellees (defendants).

BOGDANSKI, J. The principal issue on this appeal is whether the trial court erred in ordering the dismissal of the plaintiffs' complaint seeking a declaratory judgment.

The complaint alleged that on March 1, 1978, the plaintiffs applied to the Coventry planning and zoning commission for permission to subdivide cer-

tain land located on the westerly side of Lewis Hill Road, a public highway of the defendant town of Coventry; that the commission required the plaintiffs' subdivision plan to show certain improvements to the facilities of the town: i.e. (1) construction of a storm water drainage system on the westerly side of Lewis Hill Road, (2) reconstruction of the westerly shoulder of Lewis Hill Road, and (3) installation of berms on the side facing the land of the plaintiffs; that the development of the subdivision as approved by the commission does not necessitate the improvements to the town facilities which the commission required the plaintiffs to show on the plan; that the plaintiffs have urged the town to make the improvements in question but that the town refuses to do so; that such improvements will cost in excess of $40,000; and that there is a substantial bona fide dispute between the parties and a substantial uncertainty as to their legal relationship growing out of the facts stated in the complaint. By way of relief, the plaintiffs sought a declaratory judgment which would hold the defendant town or alternatively the plaintiffs responsible for the cost of installing the improvements to the town's facilities which the commission required the plaintiffs to show on the plan.

The defendants filed a motion to dismiss. They alleged that the trial court lacked subject matter jurisdiction because the plaintiffs failed to appeal under § 8-28 of the General Statutes, which states that "any person aggrieved by . . . [a] decision . . . of a planning commission . . . may appeal therefrom, within fifteen days from the date when notice of such . . . decision was so published." The court, citing the ground alleged by the defendants, granted their motion to dismiss.

Subject mattter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 112, 438 A.2d 834 (1981).

When all persons having an interest in the subject matter of the complaint are parties or have reasonable notice of the action; Practice Book § 390 (d); *Pinnix* v. *LaMorte,* 182 Conn. 342, 343, 438 A.2d 102 (1980); the Superior Court has subject matter jurisdiction in any action or proceeding to declare rights and other legal relations on request for such a declaration whether or not further relief is or could be claimed. General Statutes § 52-29. See *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 358–60, 377 A.2d 1099 (1977). We have consistently construed this broad statutory grant of jurisdiction and the related Practice Book provisions liberally to serve their sound social purpose. *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 409, 51 A.2d 907 (1947). See *Larke* v. *Morrissey,* 155 Conn. 163, 167–68, 230 A.2d 562 (1967). Thus, the Superior Court has subject matter jurisdiction over suits for declaratory relief despite the adequacy of other legal remedies. *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* supra, 359–60; *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* supra, 409.[1] We therefore conclude that the trial court erred in dismissing the action.

---

[1] The statement to the contrary in *Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.,* 178 Conn. 586, 588, 424 A.2d 285 (1979); does not control because it occurs in an appeal from a judgment on a demurrer sustained, not in the context of a plea in abatement or motion to dismiss.

Whether the court, despite its jurisdiction over the subject matter, could properly grant declaratory relief in this case is a distinct question, which is properly raised by a motion to strike. *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* supra, 360. For the purpose of deciding such a motion we look only to the well pleaded facts of the complaint, which we assume to be true. *Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.,* 178 Conn. 586, 588, 424 A.2d 285 (1979).

Section 390 (c) of the Practice Book[2] allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* supra, 410. See *Aaron* v. *Conservation Commission,* 178 Conn. 173, 179, 422 A.2d 290 (1979). Therefore a successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress, the only ground cited by the defendants, must show that the court could not in the exercise of sound discretion permit the action to proceed. *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* supra, 410–11. The present action for a declaratory judgment is more effective, convenient, and complete than an appeal under General Statutes § 8-28 because the town of Coventry is a defendant in this action whereas such an appeal would not have included the town. Therefore an appeal would not have bound the town, had

---

[2] Practice Book § 390, provides in relevant part: "The court will not render declaratory judgments upon the complaint of any person: . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure . . . ."

the commission decided that the town, not the plaintiffs, must pay for the disputed improvements. Under these circumstances, even if the court treated the motion to dismiss for lack of subject matter jurisdiction as a motion to strike, contesting the legal sufficiency of the allegations to state a claim upon which relief can be granted, the court should have denied the motion.

There is error, the judgment is set aside and the case remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.