JOSEPH LEONI ET AL. *v.* WATER POLLUTION CONTROL AUTHORITY OF THE TOWN OF HARWINTON (7823)

SPALLONE, DALY and NORCOTT, Js.

Argued January 2—decision released March 20, 1990

*H. James Stedronsky,* with whom was *Regina M. Wexler,* for the appellant (defendant).

*Patsy M. Renzullo,* with whom, on the brief, was *John C. Dillman,* for the appellees (plaintiffs).

NORCOTT, J. This appeal arises from the plaintiffs' declaratory judgment action requesting that a certificate of taking filed by the defendant be declared a nullity. The defendant, the Harwinton water pollution control authority (WPCA), appeals from the trial court's judgment granting the plaintiffs' motion for summary judgment and denying the defendant's cross motion for summary judgment. It further argues that the trial court erred in considering the plaintiffs' action for declaratory judgment. We find no error.

The following relevant facts are undisputed. The plaintiffs, Joseph Leoni and Vilma Flaherty, are owners of several contiguous parcels of land in Harwinton. Prior to 1955, the town of Harwinton drained certain highway runoff through a drainage swale located on

the plaintiffs' property. In 1984, the town installed sewer lines along the highway, causing the flow of water onto the plaintiffs' property to increase. The plaintiffs instituted an action to abate that alleged nuisance. The WPCA then instituted a condemnation proceeding to obtain and pay for the right to increase the water flow. The plaintiffs appealed the statement of compensation, seeking judicial determination of the fair market value of the land in question. That action is pending.

The plaintiffs then instituted the action that is the subject of this appeal seeking a declaratory judgment that the WPCA's taking be declared a nullity. The plaintiffs filed a motion for summary judgment claiming that, as a matter of law, the WPCA violated its own enabling ordinance and General Statutes § 8-24 when it condemned a portion of the plaintiffs' land for an easement. The defendant then filed a cross motion for summary judgment alleging that General Statutes § 8-24 does not apply to this situation and that the WPCA's ordinances do not require specific actions in a condemnation action. The defendant further claimed that because the plaintiffs have two pending actions relating to this claim, declaratory judgment is inappropriate, and they should be left to the relief provided by the other actions.

The trial court granted the plaintiffs' motion for summary judgment and denied the defendant's cross motion. In denying the defendant's cross motion, the court held that its challenge to the propriety of the declaratory judgment action exceeds the scope of a motion for summary judgment.

The defendant appeals from the trial court's judgment claiming that the trial court erred (1) in failing to dismiss the action on its own motion for failure to provide reasonable notice to all interested parties, (2) in

considering the plaintiffs' action for declaratory relief despite the pendency of other actions, (3) in finding as a matter of law that § 8-24 governs the actions of the WPCA, and (4) in finding as a matter of law that the town enabling ordinance may extend controls over the WPCA in excess of those imposed by General Statutes § 7-246 et seq. We find no error.

I

The defendant first claims that the trial court should have dismissed this action on its own motion for violation of Practice Book § 390 because the plaintiffs did not provide notice to the town electors. Practice Book § 390 requires that all persons having an interest in the subject matter of the complaint be parties to the action or have reasonable notice thereof. The defendant argues that the electors had an interest in the outcome of this proceeding because of the plaintiffs' claim that § 12 of the Harwinton ordinance requires the WPCA to notify the board of selectmen prior to the institution of eminent domain proceedings.

The defendant raises this claim for the first time on appeal. Failure to provide notice to all interested parties is, however, a jurisdictional defect. *Kolenberg* v. *Board of Education*, 206 Conn. 113, 122 n.5, 536 A.2d 577, cert. denied, 487 U.S. 1236, 108 S. Ct. 2903, 101 L. Ed. 2d 935 (1988); *Manley* v. *Pfeiffer*, 176 Conn. 540, 545, 409 A.2d 1009 (1979); *SantaMaria* v. *Manship*, 7 Conn. App. 537, 543, 510 A.2d 194 (1986). "Once brought to the court's attention, it must be resolved. *Cahill* v. *Board of Education*, 198 Conn. 229, 238, 502 A.2d 410 (1985)." *Kolenberg* v. *Board of Education*, supra. We will, therefore, address this claim.

In this action, the plaintiffs seek only a determination of whether the WPCA's actions effectively constituted a taking. They do not challenge the validity or constitutionality of General Statutes § 8-24 or of the

town's enabling ordinance, but rather ask the court to determine from the clear language of the statute and the undisputed facts whether the WPCA followed the requisite procedures to effectuate a taking. This action involves only the interests of the plaintiffs and the WPCA, and, therefore, all those persons with "an interest in the subject matter" were given notice of the action and made parties thereto.

The defendant relies on the cases of *Russo* v. *Watertown,* 184 Conn. 30, 441 A.2d 56 (1981), and *Tucker* v. *Maher,* 192 Conn. 460, 472 A.2d 1261 (1984), to support the assertion that the town electors are entitled to notice. Those cases, however, involve declaratory judgment actions that are clearly distinguishable from the present one. In *Russo* v. *Watertown,* supra, 30–33, the plaintiffs sought to have certain portions of a town charter declared null and void. Such a judgment would have great potential of adversely affecting the interests of many citizens. See also *Wenzel* v. *Danbury,* 152 Conn. 675, 677, 211 A.2d 683 (1965).

In *Tucker,* the plaintiff, a landlord, sought a declaratory judgment holding General Statutes § 17-82k, which prohibits the assignment of public assistance funds to other persons, unconstitutional. *Tucker* v. *Maher,* supra, 463. The court held that Practice Book § 390 had not been complied with because "[i]t is clear that welfare recipients who are tenants and perhaps landlords may have a legitimate interest in the outcome of [that case] and they were entitled to notice." Id., 469.

In this case, the plaintiffs sought a much narrower ruling, and they accept the validity of the statute and ordinance. They requested only that the trial court determine, based upon a plain reading of the rules, whether the defendant complied with the requirements contained therein. We conclude, therefore, that the town electors had no interest in that subject matter and were not entitled to notice.

## II

The defendant's claim challenging the propriety of the declaratory judgment action requires little discussion. This claim is not one of lack of subject matter jurisdiction. The Superior Court has subject matter jurisdiction "in any action or proceeding to declare rights and other legal relations on request for such a declaration whether or not further relief is or could be claimed. General Statutes § 52-29. . . . We have consistently construed this broad statutory grant of jurisdiction and the related Practice Book provisions liberally to serve their sound social purpose. . . . Thus, the Superior Court has subject matter jurisdiction over suits for declaratory relief despite the adequacy of other legal remedies." (Citations omitted.) *England* v. *Coventry,* 183 Conn. 362, 364, 439 A.2d 372 (1981). "Whether the court, despite its jurisdiction over the subject matter, could properly grant declaratory relief . . . is a distinct question, which is properly raised by a motion to strike." Id., 365; see also *Redmond* v. *Matthies,* 149 Conn. 423, 426, 180 A.2d 639 (1962); *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 410–11, 51 A.2d 907 (1947).

We note that in filing its cross motion for summary judgment, the defendant acquiesced to this action and waived its right to challenge its propriety.[1] "It is a well-established principle that a party will be prevented from going to a hearing on the merits 'and accepting the result if favorable, but if otherwise taking advantage of a technical difficulty which he knew of or should have known of from the beginning.' *Post* v. *Williams,* 33 Conn. 147, 153 [1865]." *Avis Rent-A-Car System* v.

---

[1] The defendant, in effect, sought to have its motion for summary judgment granted and, alternatively, if unsuccessful, to have the court find that a declaratory judgment was inappropriate in this case.

*Crown High Corporation,* 165 Conn. 608, 614, 341 A.2d 1 (1973) (addressing a similar challenge to a motion for summary judgment). When both parties join in submitting the case to the court for a summary determination, "they necessarily [agree] to let the court decide the merits of their respective motions when a favorable decision in either motion would terminate the case by the entry of a judgment." Id. The trial court was, therefore, correct in finding that this challenge exceeded the scope of summary judgment.

Even if this claim had been properly made, we would find no error. The trial court is afforded wide discretion to render a declaratory judgment. See Practice Book § 390; *England* v. *Coventry,* supra. A court "should not entertain an action for a declaratory judgment when an ordinary action affords a remedy *as effective, convenient and complete* . . . . but unless that *clearly* appears, the matter rests within the discretion of the court." (Citations omitted; emphasis added.) *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* supra, 410. Here, although there were other pending actions relating to this dispute between the parties, the resolution of this case would settle the legal relationship of the parties; see id., 412; and, hence, serve the practical purpose of either simplifying the issues to be adjudicated in the pending actions or rendering them moot. *Kiszkiel* v. *Gwiazda,* 174 Conn. 176, 181, 383 A.2d 1348 (1978); *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* supra, 413.

## III

The defendant next argues that the trial court erred in finding as a matter of law that General Statutes § 8-24 governs the defendant's action in this case. We disagree. Section 8-24 provides in pertinent part: "No municipal agency or legislative body shall . . . locate or extend public utilities and terminals for water,

sewerage, light, power, transit and other purposes, until the proposal to take such action has been referred to the [planning] commission for a report."

The plaintiffs claim that the WPCA violated this section. Attached to their motion for summary judgment, they submitted copies of certain deposition testimony indicating that no referral was made to the planning commission. The defendant, in its cross motion for summary judgment, does not dispute this fact. It argues, rather, that this section applies only to situations involving the actual location or extension of public utilities and terminals, and, therefore, it does not apply here because the defendant was merely "intensifying the use of an existing easement."

"A primary rule of statutory construction is that if the language of the statute is clear, it is presumed that the words express the intent of the legislature." *Ganim* v. *Roberts,* 204 Conn. 760, 763, 529 A.2d 194 (1987). The language of § 8-24 is clear and unambiguous. Applying this statute to the facts presented, the trial court was correct in concluding that the WPCA should have referred its proposal to install sewer lines to the planning commission for a report. The court, therefore, did not err in concluding as a matter of law that by failing to refer its proposal to the commission, the WPCA's actions were clearly in violation of the plain language of § 8-24 and were, therefore, invalid.

### IV

Because we have determined that the trial court did not err in granting the plaintiffs' motion for summary judgment on the basis of the defendant's statutory violation, we need not address the defendant's final claim.

There is no error.

In this opinion the other judges concurred.