The plaintiff, David Royce, filed a declaratory judgment action against the defendants, the Town of Westport, the Westport Planning and Zoning Commission, the Westport Flood Erosion Control Board, and the Westport Town Engineer. The plaintiff's complaint challenges the constitutionality of several Westport zoning regulations which govern the construction of dams, and he also seeks an order from this court declaring the regulations invalid.
The plaintiff now moves (117) for summary judgment pursuant to Practice Book 380, contending that there are no genuine issues of material fact. Summary judgment shall be rendered only where the evidence submitted demonstrates that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). A material fact is one that would make "a difference in the outcome of the case." Hammer v. Lumberman's Mutual Cas. Co., 214 Conn. 573, 578-79,573 A.2d 699 (1990).
There may well be genuine issues of material fact in this case as claimed by the defendants, which preclude disposition by way of summary judgment. The defendants refer, for example, to a dispute concerning whether the plaintiff actually received approval for the construction of a dam on his property; a dispute CT Page 5719 concerning whether the zoning regulations were properly promulgated; and whether the various defendants acted in a reasonable fashion and in good faith in denying the plaintiff a permit to construct a dam on the stream running through his property.
Even if plaintiff's action for a declaratory judgment could be decided as a matter of law, the defendants argue quite correctly that a pending administrative appeal (CV89-272211), filed by the plaintiff in reference to the same underlying dispute involved in this action, makes summary judgment inappropriate at this time. This appeal has been tried and the decision is pending. Since the necessity for declaratory relief will be rendered moot if the plaintiff obtains a reversal on the administrative appeal, summary judgment is ill-suited to the procedural posture of this action.
Furthermore, summary judgment will not provide the plaintiff any practical relief at this time that is not otherwise obtainable in the pending administrative appeal. See Tucker v. Board of Education,190 Conn. 748, 754-55, 462 A.2d 385, (1983) (declaratory judgment is "not appropriate for challenging the correctness of an agency's decision . . . [and] cannot be used as a substitute for an appeal"); Beccia v. Waterbury, 185 Conn. 445, 454,441 A.2d 131 (1981) (appeal not moot merely on the basis that plaintiff may be required to seek further relief in the way of mandamus to obtain ultimate legal remedy; the proper inquiry is whether "another pending action in which the issues between the parties [may] be adjudicated" exists); Aaron v. Conservation Commission, 178 Conn. 173, 179-80, 422 A.2d 290 (1979) (discussing the existence of adequate administrative remedy and propriety of declaratory judgment).
Where the court determines that resolution of the action will "settle the legal relationship of the parties . . . [and] serve the practical purpose of either simplifying the issues to be adjudicated in the pending actions or rendering them moot," declaratory judgment should be rendered. Leoni v. Water Pollution Control Authority, 21 Conn. App. 77, 83, 571 A.2d 153 (1990). See also, Helbig v. Zoning Commission, 185 Conn. 294, 300,440 A.2d 940 (1981) (where declaratory judgment action is pending, court may properly consider constitutional issues in related administrative appeals when the "appeals present a situation where further litigation could be avoided by deciding the issue of the constitutionality of [the zoning ordinances]"); St. Paul Fire Marine Ins. Co. v. Shernow, 22 Conn. App. 377, 382,577 A.2d 1093 (1990) (where declaratory judgment is the only suitable method of determining the rights and liabilities of the parties, action should not be dismissed).
In the present case, a determination of the rights and liabilities CT Page 5720 of the parties in the pending administrative appeal may render the present declaratory judgment action moot. Since the constitutional issues raised by the plaintiff's declaratory judgment action may properly be determined during a pending administrative appeal when such resolution serves to avoid further litigation; see Helbig, supra 300; the present motion should be and is denied and the court should determine the declaratory judgment action only after a full review of the pending administrative appeal has been conducted. See Smith v. Metropolitan Property Liability Ins., 629 F.2d 757, 759-60 (1980) ("purpose of declaratory judgment is to avoid multiplicity and circuity of actions," and the "court may in its discretion refuse declaratory relief if [an] alternative remedy is more appropriate); Davis v. Hunter, 323 F. Sup. 976, 980 (D.Conn. 1971) (where resolution of the issues raised by a declaratory judgment action may not be necessary in light of an alternative remedy, court should not grant declaratory relief); England v. Coventry, 183 Conn. 362,365, 439 A.2d 372 (1981) (Practice Book 390(c) "allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete").
Therefore, plaintiff's motion for summary judgment is denied at this time without prejudice, as the dispute underlying the plaintiff's declaratory judgment action may be moot, or may more appropriately be determined in the plaintiff's pending administrative appeal.