[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Harold W. Read, an abutting property owner, appeals from the decision of the defendant, Stonington Planning and Zoning Commission (hereinafter "PZC"), approving the application of defendant, William Boyce, property owner (hereinafter "applicant"), for a Coastal Area Management Review of a Coastal site plan permitting the construction of a single family residence with a primary and reserve septic system.
FACTS
The following facts are alleged in the plaintiff's appeal. In 1988, the applicant filed an application with the Stonington Inland Wetlands Commission (hereinafter "IWC") for review of a site plan involving the construction of a single family residence with the installation of a primary and reserve septic system and a private water service connection for property located at Poggy Bay Lane, Mason's Island, Stonington, Connecticut (the "subject premises"). (Return of Record [ROR] items II/E and II/G; see Record, item #123). On December 7, 1988, the IWC published notice of its decision denying the applicant's site plan application because of inadequate buffer zones from either tidal or inland wetland areas.
On January 3, 1990, the applicant filed an application with the PZC for review of a coastal site plan for the subject premises involving essentially the same request as detailed in the IWC application. (ROR, item I/A). The CAM agent's report to the PZC showed that the proposed CT Page 871 construction was consistent with the coastal resource policies except in the area of tidal wetlands. (ROR, item I/B). On May 15, 1990, the PZC, acting pursuant to the Coastal Area Management Act, General Statutes 22a-105 and22a-106, reviewed the application, heard evidence, deliberated and made its decision to approve the applicant's coastal site plan. (ROR, items II/G, II/I and II/J).
At the hearing, the PZC accepted into evidence a letter from the plaintiff to the PZC dated February 21, 1990. (ROR, item II/G). The letter disclosed to the PZC the IWC's decision denying the applicant's previous site plan. In addition, the plaintiff submitted a copy of the IWC's notice of decision referred to in the plaintiff's letter. (ROR, item II/E).
However, at the hearing, a soil expert/scientist, Mr. Snarski, testified that there were no inland wetland soil types on the subject premises. (See ROR, item I/D). Also, the map in the CAM application indicates that the subject premises are tidal wetlands and makes no reference to any inland wetlands on the subject premises. (ROR, item I/A).
The application was approved with a stipulation: "That prior to or as an additional condition of sanitarian approval, that a hydraulic analysis be conducted after the installation of the proposed fill material to insure that the travel time to the limit of tidal wetlands falls within [Department of Environmental Protection] DEP criteria for affluent (sic) renevation (sic)." (ROR, items I/D and II/C).
Legal notice of the decision was dated May 16, 1990. (ROR, item II/B). Notice of the decision was published in the New London Day on May 21, 1990. (Record, item #123).
The plaintiff alleges that he owns land abutting the subject premises. (Record, item #125). The plaintiff further alleges that he is aggrieved by the PZC's decision because it has denied him the benefit of General Statutes8-3 (g) which protects the value of his property and prevents the adverse impact on the inland wetland's environment by review of the application through the IWC. (Record, item #125 and #112). CT Page 872
The plaintiff alleges that the PZC acted illegally, arbitrarily and in abuse of its discretion for the following reasons:
 a. The potential adverse impact of the proposed activity on both coastal resources and future water-dependent development activities is not acceptable.
 b. The proposed activity is not consistent with the goals and policies outlined in Connecticut General Statutes 22a-92, specifically:
 1. [t]he development of the property in this case is not consistent with the capability of the land to support the development without significant disruption of the natural environment[;]
 2. [t]he proposed use, residential, is not dependent upon proximity to the water or the shorelands immediately adjacent to marine and tidal waters[;]
 3. [t]he proposed activity is inconsistent with the mandate to preserve total [sic] wetlands and to prevent the despoliation and destruction thereof in order to maintain their vital natural functions[;]
 4. [t]he proposed activity is inconsistent with the mandate to regulate shoreland use and development in a manner which minimizes adverse impact upon adjacent coastal systems and resources.
 5. [t]he proposed activity raises the possibility of filling of tidal wetlands in direct conflict with Connecticut General Statutes 22a-92 (c) ([1]) (B).[1]
CT Page 873
 c. The decision of the [PZC] and the administrative findings, inferences and conclusions upon which said discussion was based are:
 1. in excess of the statutory authority conferred upon the agency;
 2. made upon unlawful procedure; and
 3. not reasonably supported by the evidence.
(Record, item #125).
DISCUSSION
The plaintiff appeals from a decision of the PZC's approval of a coastal site plan review application. The PZC acted under the authority of the Coastal Area Management Act, General Statutes 22a-91 et seq. "The Coastal Area Management Act delegates the administration of the statewide policy of planned coastal development to local agencies charged with the responsibility for zoning and planning decisions." Vartuli v. State, 192 Conn. 353, 358,472 A.2d 336 (1984). Therefore, General Statutes 8-8 which governs appeals from zoning commissions' decisions governs this
General Statutes 8-8 (b) provides in pertinent part that "any person aggrieved by any decision of a [zoning commission] may take an appeal to the superior court for the judicial district in which the municipality is located." General Statutes 8-8 (b).
Aggrievement
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Windsor Woods Associates v. Planning and Zoning Commission, 219 Conn. 303,307, 592 A.2d 953 (1991); Dibonaventura v. ZBA, 24 Conn. App. 369,373, 588 A.2d 244 (1991). Those who own land which abuts or is within a radius of one hundred feet of the land involved in any decision of a zoning commission are statutorily aggrieved and need not prove aggrievement. See CT Page 874 General Statutes 8-8 (a); Smith v. Planning and Zoning Board,203 Conn. 317, 321, 524 A.2d 1128 (1987).
The plaintiff testified at the hearing before this court that he has been at all relevant times and continues to be the owner of the property which abuts the subject premises. On September 21, 1992, this court made a finding of statutory aggrievement.
Timeliness
General Statutes 8-8 (b) requires that an appeal of a decision of a planning and zoning commission "shall be commenced by service of process [on the chairman as clerk of the planning and zoning commission and the clerk of the municipality] within fifteen days from the date that notice of the decision is published. . . ." General Statutes 8-8 (b); see General Statutes 8-8(a)(2), 8-8(e) and 8-8(f).
The PZC published notice of the decision in the New London Day on May 21, 1990. (Record, item #123). The plaintiff caused the appeal to be served on Ruth Waller; the Town Clerk for the Town of Stonington, on behalf of the PZC; and on Dora Hill, Chairperson for the PZC: and on Robert Burmingham, duly authorized to accept service for the PZC; and on Total Technology, Inc. (agent), on June 5, 1990, duly authorized to accept service for William Boyce; and on William Boyce by certified-registered mail, sent on the same date.
Accordingly, the court finds that the appeal is timely because the plaintiff served the defendants within fifteen days from the time legal notice was published.
Standard of Review
When the PZC acts upon a site plan application, it acts in its administrative capacity. Norwich v. Norwalk Vault Co., 208 Conn. 1, 12, 544 A.2d 152 (1988); Goldberg v. Zoning Commission, 173 Conn. 23, 376 A.2d 385 (1977). Furthermore, in reviewing site plans, the PZC has "no independent discretion beyond determining whether the plan complies with the appropriate regulation. . . ." Allied Plywood, Inc. v. Planning and Zoning Commission, 2 Conn. App. 506,512, 480 A.2d 584 (1984), cert. denied 194 Conn. 808, CT Page 875483 A.2d 612 (1984).
The decision of the PZC must be sustained if any reasons given for it are valid. Goldberg v. Zoning Commission, supra, 26. The trial court may not substitute its judgment for that of the PZC. Frito Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 572,538 A.2d 1039 (1988). The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 455 A.2d 331
(1983), citing Calandro v. Zoning Commission, 176 Conn. 439,376 A.2d 385 (1977).
This court may only reverse the PZC's decision if it finds that its actions were arbitrary, illegal or an abuse of discretion. Frito Lay, supra, 573.
I. Whether There Is Adequate Support In The Record To Support The PZC's Decision.
The plaintiff argues that the record does not support the PZC's decision to approve the applicant's coastal site plan permitting the construction of a single family residence with a primary and reserve septic system.
The PZC argues, in its brief, that the record reflects that the applicant's coastal site plan is consistent with the goals and purposes of the Coastal Area Management Act, General Statutes 22a-92.[2]
General Statutes 22a-105 (e) provides in pertinent part that:
 [t]he board or commission reviewing the coastal site plan shall . . . approve, modify, condition or deny the activity proposed in a coastal site plan on the basis of the criteria listed in section 22a-106 to ensure that the potential adverse impacts of the proposed activity on both coastal resources and future water-dependent development activities are acceptable.
CT Page 876
General Statutes 22a-105 (e).
General Statutes 22a-106 sets forth the criteria the PZC must use in reviewing coastal site plans. General Statutes 22a-106 provides that:
 (a) In addition to determining that the activity proposed in a coastal site plan satisfies other lawful criteria and conditions, a municipal board or commission reviewing a coastal site plan shall determine whether or not the potential adverse impacts of the proposed activity on both coastal resources and future water-dependent development activities are acceptable.
 (b) In determining the acceptability of potential adverse impacts of the proposed activity described in the coastal site plan on both coastal resources and future water-dependent development opportunities a municipal board or commission shall:
 (1) consider the characteristics of the site, including the location and condition of any of the coastal resources defined in section 22a-93;
 (2) consider the potential effects, both beneficial and adverse, of the proposed activity on coastal resources and future water-dependent development opportunities and
 (3) follow all applicable goals and policies stated in section 22a-92 and identify conflicts between the proposed activity and any goal or policy.
 (c) Any persons submitting a coastal site plan as defined in subsection (b) of section 22a-105 shall demonstrate that the adverse impacts of the proposed activity are acceptable and shall CT Page 877 demonstrate that such activity is consistent with the goals and policies in section 22a-92.
 (d) A municipal board or commission approving, modifying, conditioning or denying a coastal site plan on the basis of the criteria listed in subsection (b) of this section shall state in writing the findings and reasons for its action.
 (e) In approving any activity proposed in a coastal site plan, the municipal board or commission shall make a written finding that the proposed activity with any conditions or modifications imposed by the board:
 (1) Is consistent with all applicable goals and policies in section 22a-92;
 (2) incorporates as conditions or modifications all reasonable measures which would mitigate the adverse impacts of the proposed activity on both coastal resources and future water-dependent development activities.
General Statutes 22a-106.
The court finds that the PZC followed the procedures set forth in the General Statutes 22a-105 and22a-106. Pursuant to General Statutes 22a-91 et seq., the PZC made a determination that the proposed activity did not adversely impact coastal resources or future water-dependent activities. The PZC utilizes a form approved by the Department of Environmental Protection which is entitled "Coastal Site Plan Review/Written Findings and Decision." (ROR, item I/C). The PZC conducted a review of the coastal site plan application. At the PZC's direction, a PZC employee conducted an on-site inspection of the subject premises and submitted a report to the PZC that the proposed construction was consistent with the coastal resource policies except in the area of tidal wetlands. (ROR, item I/B). To insure that the owner's application would be CT Page 878 consistent with all policies of the Act, the PZC's approval contained a stipulation:
 That as an additional condition of the Sanitarian's approval that hydraulic measurements be conducted after the installation of the proposed material to insure that the travel time to the limit of the tidal wetlands falls within DEP criteria for affluent (sic) renovation (sic).
(ROR, Item II/D).
Such a stipulation placed on the coastal site plan application does conform to the criteria of General Statutes22a-106 (e). General Statutes 22a-106 (e)(2) permits a finding which "incorporates as conditions or modifications all reasonable measures which would mitigate the adverse impacts of the proposed activity on both coastal resources and future water-dependent development activities. General Statutes 22a-106 (e)(2).
The PZC complied with the statutory requirements of the Coastal Area Management Act. Accordingly, the court finds that the PZC's findings and conclusions are adequately supported by the record.
II. Whether The PZC Acted Beyond The Scope of Its Authority.
General Statutes 22a-105 (e) provides in relevant part:
 The Board or commission reviewing the coastal site plan shall . . . approve, modify, condition or deny the activity proposed in a coastal site plan on the basis of the criteria listed in section 22a-106 to ensure that the potential adverse impacts of the proposed activity on both coastal resources and future water-dependent development activities are acceptable.
General Statutes 22a-105 (e). CT Page 879
General Statutes 22a-106 (b) provides:
 In determining the acceptability of potential adverse impacts of the proposed activity described in the coastal site plan on both coastal resources and future water-dependent development opportunities a municipal board or commission shall:
 (1) Consider the characteristics of the site, including the location and condition of any of the coastal resources defined in section 22a-93: (2) consider the potential effects, both beneficial and adverse, of the proposed activity on coastal resources and future water-dependent development opportunities and (3) follow all applicable goals and policies stated in section 22a-92 and identify conflicts between the proposed activity and any goal or policy.
General Statutes 22a-106 (b).
Based on the aforementioned discussion, the court finds that the PZC has complied with the statutory requirements of the Coastal Area Management Act, General Statutes 22a-91 et seq.
However, the plaintiff argues that the PZC and the applicant failed to follow the statutory mandate of General Statutes 8-3 (g). General Statutes 8-3 (g) provides in relevant part:
 If a site plan application involves an activity regulated pursuant to sections 22a-36 to 26a-45, inclusive, the applicant shall submit an application for a permit to the agency responsible for administration of the inland wetlands regulations not later than the day such application is filed with the zoning commission. The decision of the zoning commission shall not be rendered on the CT Page 880 site plan application until the inland wetlands agency has submitted a report with its final decision. In making its decision the zoning commission shall give due consideration to the report of the inland wetlands agency. . . .
General Statutes 8-3 (g).
General Statutes 22a-38 (15) defines "wetlands" as "land, including submerged land, . . . which consists if any of the soil types designated as poorly drained, very poorly drained, alluvial, and flood plain by the National Cooperative Soils Survey . . . of the Soil Conservation Service of the United States Department of Agriculture. General Statutes 22a-38 (15).
General Statutes 22a-38 (13) defines "regulated activity" as "any operation within or use of a wetland or watercourse involving removal or deposition of material, or any obstruction, construction, alteration or pollution, of such wetlands or watercourses. . . . General Statutes22a-38 (13). "[R]egulated activity" . . . encompass[es] not only activity that occurs within wetlands, but also in some instances, activity that occurs in nonwetland areas, yet affects wetlands." (Citation omitted.) Mario v. Fairfield,217 Conn. 164, 170, 585 A.2d 87 (1991).
Although the coastal site plan application, in the present appeal, establishes that the subject property includes tidal wetlands, as opposed to inland wetlands, the PZC's return of record includes a copy of the IWC's notice of decision, dated December 7, 1988, denying the applicant's previous coastal site plan, (ROR, item II/E). The PZC acknowledges in its brief that it had knowledge of the IWC's involvement with the subject property when it acted on the applicant's coastal site plan on May 15, 1990. (Record, item #123).
The PZC was aware that the subject premises might involve soil types and/or watercourses that fall within the Inland Wetlands and Watercourses Act, General Statutes22a-36 et seq.
"The PZC has an obligation to raise the issue that CT Page 881 an application must be filed with the IWC and that a report with the IWC's final decision must be received by the PZC before it can act on a coastal site plan application involving an inland wetlands area." Pearl v. Planning and Zoning Commission of the Town of Manchester, 1 CTLR 388, 389-91 (June 11, 1990, Wagner, J.); see Ventres v. Inland Wetlands and Watercourses Commission, 25 Conn. App. 572, 575, A.2d ___ (1991); General Statutes 8-26.
"A recent Appellate Division case upheld a trial court decision invalidating a decision by a local water pollution control agency for failing to refer a proposal to the planning commission as required by statute. Leoni v. Water Pollution Control Authority, 21 Conn. App. 77, 83 [,571 A.2d 153] (19[90])."
The Leoni decision is analogous to the present case. Here, the PZC has a statutory obligation, pursuant to General Statutes 8-3 (q), to defer action on a coastal site plan, where the PZC has ample reason to know that the subject premises involve inland wetlands, until the IWC submits its report and final decision to the PZC. As in the Leoni decision, the PZC's failure to adhere to the statutory provisions of General Statutes 8-3 (q) renders its decision invalid.
The administrative procedural defect in the PZC acting without the IWC's report and final decision, renders the PZC's decision in approving the applicant's coastal site plan null and void.
Further, the present case presents more than an administrative procedural defect in that it involves the PZC not considering material that should have been considered, specifically, a report from the IWC.
The PZC argues that this point is moot because the IWC eventually approved the applicant's coastal site plan on March 6, 1991, nine months after the PZC's action of May 15, 1991. There is no authority to support the PZC's proposition that the subsequent approval by the IWC is remedial, relating back to the PZC's prior decision. The language of General Statutes 8-26 is clear "[t]he decision of the zoning commission shall not be rendered on the site plan application until the inland wetlands agency has submitted a report with CT Page 882 its final decision." General Statutes 8-26 and 8-3 (q); see Arway v. Bloom, 29 Conn. App. 469, ___ A.2d ___ (1992). (Where the court defines the meaning of the IWC report and final decision as that determination made at the administrative level, not upon appeal of the agency's decision.)
Conclusion
For the reasons herein stated, the court hereby orders that the plaintiff's appeal from the PZC's decision approving the applicant's coastal site plan he sustained because the PZC proceeded illegally in acting without a report and final decision from the IWC as required by General Statutes 8-3 (q).
Hurley J.