[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION FOR REVIEW
This matter is before the court on a remand order from the Appellate Court directing this court to address the three defenses not ruled on by the court in its original decision that were raised by the defendant, Danbury Planning Commission (Commission), in this declaratory judgment action brought by Deer Hill Arms II Limited Partnership (Partnership). In its original memorandum of decision dated July 25, 1994, [12 Conn. L. Rptr. No. 5, 165] at page 11, the court determined that "the restriction that occupancy of the 32 restricted units must be by persons fifty-five (55) years of age or older is not invalid and void as against federal law because42 U.S.C. § 3607(b)(2)(C) is not applicable to the facts of this case." Despite this finding, the Appellate Court has ordered this court to determine, in the alternative, that if § 3607 (b)(2)(C) does, in fact, apply to the case, whether its application affects the court's decision. The Appellate Court has also ordered this court to determine whether the petition for declaratory judgment is properly before the court.
The facts that comprise the background of this case are set forth in the original memorandum at pages 1-5. Therefore, a recitation of the posture of the case is unnecessary.
In its decision, the court ruled that the fair housing act,42 U.S.C. § 3601 et seq., does not retroactively apply to the CT Page 14068 facts of this case. In addition to the retroactivity defense, the Commission specially pleaded, in the alternative, that the "housing for older persons" exemption contained in § 3607 (b)(1)(C) applies to this case, that the Partnership has failed to prove that the special exception has caused a violation of the Fair Housing Act, and that the declaratory judgment action is not properly before the court. The court should address these special defenses in the order presented.
The Commission's second defense to the Partnership's petition for a declaratory judgment is that if the Fair Housing Act does apply to this case, then the special permit fits within the exceptions from liability contained in 42 U.S.C. § 3607
(b)(1)(C).
Section 3607(b)(1) provides that the prohibitions of the Act do not "apply with respect to housing for older persons." "As used in this section, `housing for older persons' means housing . . . (C) intended and operated for occupancy by at least one person 55 years of age or older per unit. In determining whether housing qualifies as housing for older persons under this subsection, the Secretary shall develop regulations which require at least the following factors: (i) the existence of significant facilities and services specifically designed to meet the physical or social needs of older persons, or if the provision of such facilities and services is not practicable, that such housing is necessary to provide important housing opportunities for older persons; and (ii) that at least 80 percent of the units are occupied by at least one person 55 years of age or older per unit; and (iii) the publication of, and adherence to, policies and procedures which demonstrate an intent by the owner or manager to provide housing for persons 55 years of age or older."42 U.S.C. § 3607(b)(2). The three prongs of the exception are satisfied in this case.
The first element, the significant facilities factor, requires that significant facilities be available to the elderly. "Significant facilities" is defined in 24 C.F.R. § 100.304
(b)(1), as including, but not limited to: social and recreational programs, continuing education, information and counselling, recreational and homemaker services, outside maintenance, accessible physical environment, emergency programs, congregating dining facilities and transportation services. Further, the geographical location of the complex is an important factor in determining whether significant facilities exist. See Park PlaceCT Page 14069Home Brokers v. P-K Mobile Home Park, 773 F. Sup. 46, 52 (N.D.Ohio 1991). Moreover, it is not necessary that all of the examples apply in a particular case in order for the exception to be activated. See Massaro v. Mainlands Section 1 2 Civic Ass'n,3 F.3d 1472, 1478 (11th Cir. 1993). Many of the "significant facilities" examples are satisfied in this case.
The significant facilities element is evidenced by the Commission's exhibit 1, which is a descriptive pamphlet outlining the amenities at the complex (the property prospectus). The property prospectus is replete with references to the facilities designed to make the lives of the elderly residents easier. For example, "Deer Hill Arms II is a significant refinement beyond today's condominium standards. It is characterized by a 24 hour emergency medical call system, therapeutic whirlpool tub and separate shower stall with seats, centrally located elevator, 24 hour building security and recreation rooms just to name a few." Further, the property prospectus also advertises slip resistant floors, in addition to recreation rooms appropriate for card games, "designed to satisfy every whim and desire of people in this age group." It is also advertised as a centrally located complex "[l]ocated on a level terrain" with a bus stop at the front door. The facility also has a maintenance service.
Based on the foregoing, the court concludes that the Deer Hill Arms II complex has "significant facilities" as contemplated in 42 U.S.C. § 3607(b)(2)(C)(i).
The second element, § 3607(b)(2)(C) (ii), requiring 80 percent of the units to be occupied by individuals fifty-five (55) and over, is similarly satisfied in this case. As evidenced by the stipulation of facts entered into by the parties in this case, at page 4, Deer Hill Arms II is subject to a separate special exception that requires 100 percent elderly occupancy. That special exception was affirmed by the Superior Court in an administrative appeal entitled Val v. Planning Commission, Superior Court, Judicial District of Danbury, Docket No. 28 04 54 January 6, 1984, Lewis, J.). As a result, Deer Hill Arms II is mandated by the special exception to offer residency to only those who are age fifty-five (55) and over. Id.
The Partnership contends that the restricted and unrestricted properties must be combined to determine the percentage of over fifty-five (55) occupancy, therefore, according to its calculations, the percentage of elderly housing is only in the CT Page 14070 neighborhood of 50 percent. However, the Partnership does not attack the special exception in its pleadings or in its arguments as it applies to any property other than the Deer Hill Arms II restricted occupancy complex. Therefore, the relevant inquiry for purposes of this case is whether 80 percent of the properties that are subject to the special exception have one resident that is fifty-five (55) or older. This inquiry is supported by the plain language of the statute, which focuses on whether the property is "intended for" occupancy by those fifty-five (55) and over. 42 U.S.C. § 3607(b)(2)(C).
The Deer Hill Arms II complex was intended for 100 percent occupancy by the elderly and Deer Hill Arms II property is, in fact, required under the special exception to maintain a 100 percent elderly occupancy. As a result, the second prong of the exception contained in § 3607(b)(2)(C)(ii) is satisfied in this case.
The third element of the exception requires that there be documentation that evidences the "intent by the owner or manager to provide housing for persons 55 years of age or older."42 U.S.C. § 3607(b)(2)(C)(iii). The regulations promulgated in connection with the third element "explicate . . . the statutory test requiring the publication of, and adherence to procedures and policies indicating an intent to provide housing for older persons." Massaro v. Mainlands Section 1 2 Civic Ass'n, supra, 3 F.3d 1476. This documentation is contained in the property prospectus, defendant's exhibit 1.
The front cover of the property prospectus indicates that Deer Hill Arms II is "[a] unique and innovative one-of-a-kind condominium catering to the discriminating buyer 55 years of age and over." Further, the property prospectus is replete with references to the fact that Deer Hill Arms II is exclusively for those fifty-five (55) and older.
"According to 24 C.F.R. § 100.304(c)(2), there are six non-exclusive factors which are relevant to a determination under this part of the test: (i) The manner in which the housing facility is described to prospective residents. (ii) The nature of any advertising designed to attract prospective residents. (iii) Age verification procedures. (iv) Lease provisions. (v) Written rules and regulations. (vi) Actual practices of the owner or manager in enforcing relevant lease provisions and relevant rules or regulations." Massaro v. Mainlands Section 1 2 CivicCT Page 14071Ass'n, supra, 3 F.3d 1476. "These six determinants, along with the statute, are the primary criteria guiding HUD and the courts in their assessment of whether a defendant has violated the Fair Housing Act." Id. Again, if some of the criteria do not fit the facts of the case they need not be considered. Id., 1478.
In the present case, the property prospectus clearly indicates that the condos are offered as elderly residences. Further, the contents of the special exception were written into the deeds until the Partnership unilaterally determined that the exception violated the fair housing act. Moreover, the intent of the owners to limit access is evidenced by the fact that the property prospectus is only offered to those who are over the age of fifty-five (55). As a result, it is the intent of the owners of Deer Hill Arms his to sell properties only to those who have reached the age of fifty-five (55).
Accordingly, the over fifty-five (55) exception contained in42 U.S.C. § 3607(b)(2)(C) is satisfied in this case, even though the court determined that this section is not retroactive in application and has no relevance to this facts of this case at all.[1]
The fourth special defense proffered by the Commission is that the petition for declaratory judgment is not properly before the court as the Partnership had an alternative means of redress.
"The [Commission's] claim challenging the propriety of the declaratory judgment action requires little discussion. This claim is not one of lack of subject matter jurisdiction. The Superior Court has subject matter jurisdiction `in any action or proceeding to declare rights and other legal relations on request for such a declaration whether or not further relief is or could be claimed. General Statutes § 52-29. . . . We have consistently construed this broad statutory grant of jurisdiction and the related Practice Book provisions liberally to serve their sound social purpose. . . . Thus, the Superior Court has subject matter jurisdiction over suits for declaratory relief despite the adequacy of other legal remedies.' (Citations omitted.) Englandv. Coventry, 183 Conn. 362, 364, 439 A.2d 372 (1981). `Whether the court, despite its jurisdiction over the subject matter, could properly grant declaratory relief . . . is a distinct question, which is properly raised by a motion to strike.' Id., 365; see also Redmond v. Matthies, 149 Conn. 423, 426,180 A.2d 639 (1962); Connecticut Savings Bank v. First National Bank CT Page 14072Trust Co., 133 Conn. 403, 410-II, 51 A.2d 907 (1947)." Leoni v.Water Pollution Control Authority, 21 Conn. App. 77, 82,571 A.2d 153 (1990).
The Commission did not file a motion to strike. As in Leoni, supra, the Commission here elected to proceed further in the case, thereby "acquiesc[ing] to this action and [as a result it] waived its right to challenge its propriety." Leoni v. WaterPollution Control Authority, supra, 21 Conn. App. 82. The Commission waived its right to raise the issue of alternative means of redress by electing not to file a motion to strike. Id.
Despite the Commission's acquiescence, even if the attack on this declaratory action is properly before the court, "[t]he trial court is afforded wide discretion to render a declaratory judgment. See Practice Book 390; England v. Coventry, supra, [183 Conn. 365]." Leoni v. Water Pollution Control Authority, supra,21 Conn. App. 83. Moreover, where all of the litigants can be joined together in one action and the issues between them resolved in one lawsuit, a declaratory judgment action is appropriate since it is speedy, effective, convenient, appropriate and complete. See England v. Coventry, supra,183 Conn. 365-66.
The Partnership's application for a declaratory judgment is properly before the court.
Based on the foregoing, the court finds that the "housing for older persons" exception applies to the case, that the special exception is within the "housing for older persons" exemption from liability and that the Partnership's declaratory judgment action is properly before the court, despite the fact that the court originally held that 42 U.S.C. § 3607(b)(2)(C) is not applicable to the facts of this case.
Mihalakos, J.