[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANTS' MOTION TO STRIKE
On November 8, 1995, the plaintiff, Clock Tower Mill Development Corporation ("Clock Tower Mill"), filed a seven-count complaint against the defendant, Cambridge Development Corporation. On the same date, in a companion case, the plaintiff, Velvet Mill Development Corporation ("Velvet Mill"), filed a seven-count complaint against the defendant alleging identical legal claims.
On March 18, 1996, the defendant filed motions to strike Counts Four, Five and Six of the plaintiffs' complaints. Counts Four claim a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Counts Five seek recovery pursuant to the doctrine of quantum meruit, and Counts Six seek recovery pursuant to the doctrine of promissory estoppel. For the reasons stated below, the motions to strike Count Four are granted, while the motions to strike Counts Five and Six are denied.
A. MOTION TO STRIKE.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Citation omitted)Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). See also Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
CT Page 3677 (1985). 231 Conn. 381, 384; 224 Conn. 210, 214. "Whether the court, despite its jurisdiction over the subject matter, could properly grant declaratory relief . . . is a distinct question, which is properly raised by a motion to strike." Leoni v. WaterPollution Control Authority, 21 Conn. App. 77, 82, 571 A.2d 153
(1990). "In judging a motion to strike, however, it is of no moment that the plaintiff may not be able to prove [his] allegations at trial. . . ." (Citation omitted; internal quotations marks omitted). Levine v. Bess and Paul Sigel HebrewAcademy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (1983). "IF any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991).
B. CUTPA
Connecticut's appellate courts have not addressed the issue of whether CUTPA, General Statutes §§ 42-110a through 42-110q, applies to internal partnership disputes. Brunette v. BristonSavings Bank, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 0453957 (April 7, 1995, Holzberg, J.). However, the overwhelming majority of Superior Court decisions have held that CUTPA does not apply to such partnership disputes. Chila v. Chila, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0140570 (April 3, 1995, D'Andrea, J.).
The plaintiffs in these companion cases contend that they each formed limited partnerships with the defendant, known as the Clock Tower Mill Limited Partnership and the Velvet Mill Limited Partnership. The plaintiffs allege that they were forced to advance funds toward operating deficits, such as mortgage defaults. The plaintiffs allege that although the defendant acknowledged its obligations, it failed to reimburse the plaintiffs for its share of the operating deficits. The plaintiffs further allege that on October 15, 1994, to prevent foreclosure, they were forced to enter into mortgage notes and agreements with the Connecticut Housing Finance Authority ("CHFA"). The plaintiffs allege that the defendant failed to provide letters of credit as required by the mortgage notes and agreements. Clock Tower Mill additionally alleges that it was forced to advance funds when the CHFA drew against a letter of credit which the plaintiffs had contributed to on the defendant's CT Page 3678 behalf.
The plaintiffs' allegations relate to internal partnership disputes. I believe that the decisions holding CUTPA inapplicable to internal partnership disputes are logical and sound. Accordingly, the defendant's motions to strike Count Four of the plaintiffs' complaints are granted.
C. Quantum Meruit
"`[Q]uantum meruit [is a form] of the equitable remedy of restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract
has been entered into by the parties.'" (Emphasis added.) Rosickv. Equipment Maintenance Service, Inc., 33 Conn. App. 25, 37,632 A.2d 1134 (1993). In the present cases, although the plaintiffs, in Count Three of their complaints, contend that the defendant breached the relevant partnership agreement, the defendant has not yet filed an answer, and has not as of yet acknowledged the existence of express, enforceable contracts. Plaintiff may not recover twice for the same wrongful actions, but Practice Book § 137 allows plaintiff to plead alternative theories of relief. See, e.g., Fuessenich v. Dinardo, 195 Conn. 144
(1985). Accordingly, the defendant's motions to strike Count Five of the plaintiffs' complaints are denied.
D. Promissory Estoppel
"An action for promissory estoppel generally lies when there is no written contract, or the contract cannot be enforced for one reason or another. Thus, it is an action outside the contract." Lark v. Post Newsweek Stations Connecticut, Inc. etal., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0705326 (August 9, 1995, Wagner, J.). Therefore, the plaintiffs cannot obtain recovery under the doctrine of promissory estoppel when valid contracts exist.Lombardi v. Marketing Corporation of America, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0293281 (May 23, 1994, Moran, J.).
As previously discussed, the defendant has not yet answered the complaint and it is not clear whether defendant will claim that a contractual relationship does not exist or that any contract is uneforceable. The cases cited by defendant are distinguishable. Therefore, the court cannot yet determine CT Page 3679 whether the defendant entered into express, enforceable agreements with the plaintiffs. Accordingly, the defendant's motions to strike Count Six of the plaintiffs' complaints are denied.
Douglas S. Lavine Judge of the Superior Court