[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendant, Carol R. Leicher, M.D., has moved to strike the Second and Third Counts of the Amended Complaint dated November 6, 1995, in this wrongful death case.
The First Count is brought by Joan E. Brodski, Administratrix of the Estate of Brian Thomas Mitchell. In the First Count, it is alleged that Brian Thomas Mitchell died on April 15, 1994, as a consequence of defendant's negligence in connection with medical treatment provided to Brian.
In the Second Count, parents Deborah Mitchell and Thomas Mitchell allege that as a result of defendant's negligence, they suffered the deprivation of the care, support, comfort, love and companionship of their son. I construe this count to set out a claim for post-mortem filial loss of consortium.
In the Third Count, plaintiffs Joan Brodski, Administratrix, Deborah Mitchell and Thomas Mitchell make a claim for hospital, medical care and treatment, and funeral and burial expenses for Brian. CT Page 3923
Defendant has moved to strike the Second Count on the grounds that Connecticut does not recognize a cause of action for post-mortem filial loss of consortium. Defendant has also moved to strike the Third Count on the grounds that only the administratrix is empowered to seek medical and funeral expenses given the circumstances of this case.
For the reasons stated below, defendant's motion to strike the Second Count is granted. Treating the motion to strike the Third Count as a request to revise, it is ordered that reference to Mr. and Mrs. Mitchell be removed from the Third Count.
I. Motion to Strike.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (citation omitted) Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). See also Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). 231 Conn. 381, 384, 224 Conn. 210, 214. "Whether the court, despite its jurisdiction over the subject matter, could properly grant declaratory relief . . . is a distinct question, which is properly raised by a motion to strike." Leoni v. Water Pollution Control Authority, 21 Conn. App. 77,82, 571 A.2d 153 (1990). "In judging a motion to strike, however, it is of no moment that the plaintiff may not be able to prove [his] allegations at trial. . . ." (citation omitted; internal quotation marks omitted). Levine v. Bessand Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132, 471 A.2d 679 (1983). "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." Bouchardv. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991).
II. Second Count — Filial Consortium.
Defendant's motion to strike the Second Count is granted on grounds that Connecticut does not recognize a cause of action for post-mortem filial loss of consortium under our wrongful death statute. Our Supreme Court has repeatedly held that in Connecticut damages resulting from death are recoverable only to the extent that they are made so by CT Page 3924 statute. Lynn v. Haybuster Manufacturing. Inc., 226 Conn. 282,295, 627 A.2d 1288 (1993). The Connecticut wrongful death statute, General statutes § 52-555, provides for recovery by the executor or administrator of the estate for damages to the estate, with a focus on damages sustained by the decedent, not by members of the decedent's family. Laddv. Douglas Trucking Co., 203 Conn. 197, 197, 523 A.2d 1301
(1987).
In Connecticut, "[n]o appellate [or supreme] court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v. Lensink, 17 Conn. App. 130, 141
n. 7, 550 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. App. 548,569 A.2d 518 (1990). Connecticut does recognize a cause of action for the loss of spousal consortium. Hopson v.St. Mary's Hospital, 176 Conn. 485, 487, 408 A.2d 260 (1979); see also Shabazz v. Price, 11 Conn. L. Rptr. 331, 332 (April 22, 1994, Hodgson J.) (Sections 52-555a and 52-555b
recognize a cause of action for loss of spousal consortium). The court in Mahoney v. Lensink, supra, 17 Conn. App. 141, stated that the "right to [spousal] consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Id.
In 1966, the Supreme Court refused to recognize the existence of a cause of action for loss of parental consortium in a wrongful death case in Foran v. Carangelo, 153 Conn. 356,216 A.2d 638 (1966), and the legislature has not expanded the wrongful death statute to create such a cause of action as part of the right of recovery for wrongful death.
Plaintiff argues that a cause of action for the loss of filial consortium ought to be recognized. The tide of history may very well be running in the direction plaintiff urges. However, because the right to recover for the consequences of death is strictly statutory, the court should be reticent to expand rights of recovery in an area where the legislature has not yet chosen to do so. See Lucier v. Hittleman, 125 Conn. 635,639 (1939).
Defendant's motion to strike the Third Count is improper in that a defendant may not challenge a subparagraph of a count unless it sets forth a separate and distinct claim. "A motion to strike a single paragraph is technically improper CT Page 3925 when the paragraph does not purport to state a cause of action." (citations omitted.) A.C. Nielson Company v. WangLab., Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 312400 (October 7, 1994, Maiocco, J.).
However, Section 52-555 vests in the executor or administrator, and no one else, the right to recover medical, hospital, and funeral expenses, Isaac v. Mount Sinai Hospital,3 Conn. App. 598, 600-601 (1985). At oral argument on April 22, 1996, defendant's counsel stated that what defendant seeks is the removal of the names of plaintiff's parents from the Third Count. Therefore, to promote efficiency, I will treat the motion to strike as a request to revise under Practice Book Section 147. The names of Deborah Mitchell and Thomas Mitchell are ordered stricken from the introductory paragraph in the Third Count because they are not proper plaintiffs as to that count.
Douglas S. Lavine Judge, Superior Court