[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Desmarais and Sons, Inc., move to strike the third, fourth and eighth counts of the complaint and those portions of the prayer for relief pertaining to attorney's fees and a declaratory judgment.
A motion to strike admits all well-pleaded facts, and the pleadings are construed most favorably toward the pleader.Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). With this standard in mind, the court observes that the complaint alleges that, on May 15, 1996, the plaintiffs purchased a residence under a sales agreement which obligated the sellers to remove a 1,000 gallon underground, fuel oil storage tank from the property. The defendant was hired to remove the tank but did so negligently causing fuel oil to contaminate the surrounding soil and groundwater at the removal site.
 A.
The third count claims that the defendant is liable to the plaintiffs for the emotional distress inflicted upon them by the defendant's negligent pollution of their property. The defendant moves to strike this count because it lacks an allegation that anyone suffered physical harm along with the emotional distress and because it lacks an allegation that the defendant ought to have realized its deficient conduct would create an unreasonable risk of causing emotional distress which resulted in physical harm.
Recovery for negligently caused emotional distress can be independent of proof of physical injury or the risk thereof.Montinieri v. Southern New England Telephone Co., 175 Conn. 337,344 (1978). Consequently, the motion to strike the third count CT Page 14492 fails on the ground of a lack of physical injury.
Also, contrary to the defendant's argument, paragraph 23 of the third count does, in fact, allege that the defendant ought to have realized the unreasonable risk its negligence created to causing emotional distress accompanied by physical injury.
 B.
The defendant next contends that attorney's fees are unavailable under the fourth count of the complaint. That count alleges liability for clean-up costs reimbursement under G.S. § 22a-452. Section 22a-452 allows reimbursement for "reasonable costs expended for [the] containment, removal, or mitigation" of fuel oil discharge which pollutes the land. No provision under that statute permits the court to include attorney's fees as part of this remediation reimbursement.
The motion to strike the request for attorney's fees from the fourth count and prayer for relief is granted.
 C.
Finally, the defendant moves to strike the eighth count of the complaint which seeks a declaratory judgment concerning the cause and responsibility for the environmental damages to the plaintiff's land. The defendant contends that the existence of other adequate, legal remedies precludes the rendering of a declaratory judgment in this case. The court agrees.
Practice Book § 17-55(3) prohibits declaratory judgment when the trial court opines that party seeking such a judgment should obtain redress by way of other procedure. If another form of action clearly affords just as effective, complete, and convenient a remedy, then declaratory judgment is unavailable.Stafford Higgins Industries, Inc. v. Norwalk, 245 Conn. 551, 581
(1990); England v. Coventry, 183 Conn. 362, 265 (1981).
In the present case, full and expedient redress is afforded by the forms of action and relief requested in the other counts of this lawsuit. Compensation for past and future expenditures to alleviate the effects of the contamination are available under the negligence, breach of contract, and statutory claims. Adjudication of these claims will resolve any issues which might be addressed by way of declaratory judgment. CT Page 14493
The motion to strike the eighth count of the complaint and that portion of the prayer for relief relevant to declaratory judgment is granted.
Sferrazza, J.