JEANNETTE CIULEWICZ v. COLLEEN P. DOYLE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued October 13—decision released December 28, 1976

*Howard B. Field III,* with whom, on the brief, were *George A. Downing* and *Mark R. Perkell,* for the appellant (plaintiff).

*Ira H. Goldman,* for the appellee (defendant).

House, C. J. This is an appeal by the plaintiff, Jeannette Ciulewicz, from a judgment of the Appellate Session of the Superior Court finding no error in a judgment of the Court of Common Pleas rendered in favor of the defendant. The latter court concluded that "there is no statute or regulation authorizing the transfer of total control of an insured's cause of action for personal injuries in this State."

The plaintiff and defendant stipulated to the following facts: On January 23, 1971, the plaintiff

was a passenger in a car which was in a stationary position, waiting for a red light to change, on Pitkin Street in East Hartford. Due to the negligence of the defendant, an automobile operated by her ran into the rear of the car in which the plaintiff was riding.

The plaintiff received bodily injuries and required hospital, ambulance, and medical care and drugs as a result of the accident. The defendant had no liability insurance covering her for claims or suits arising from the accident, but the Liberty Mutual Insurance Company had insured the car in which the plaintiff was riding under a policy containing an "uninsured motorists" clause. Claiming coverage under this policy, the plaintiff filed a claim with the American Arbitration Association. The arbitrator, on July 5, 1973, awarded the plaintiff $843.61 for personal injuries and this award has been paid.

At the same time the plaintiff filed the arbitration claim, she also initiated the present suit against the defendant for $7500 damages. After the rendition of the arbitration award, the suit was taken over and pursued by the Liberty Mutual Insurance Company pursuant to the trust agreement which was part of the policy covering the car in which the plaintiff was a passenger when the accident occurred. In a reply to a special defense filed by the defendant, the plaintiff admitted (1) that the plaintiff is not the real party in interest but is suing on behalf of her insurer, which, having reimbursed the plaintiff, is seeking recoupment by virtue of a subrogation agreement in its insurance policy covering the plaintiff, and (2) that such subrogation agreement, as it relates to claimed personal injuries, is an assignment of a personal injury claim.

The parties also stipulated that the sole remaining issue in this suit is whether the insurance carrier's effort to recover money paid on the arbitration award falls within the prohibition affirmed in *Berlinski* v. *Ovellette,* 164 Conn. 482, 325 A.2d 239. In *Berlinski* we held that the provisions of a trust agreement such as that involved here violated the common-law prohibition against an assignment, before judgment, of a cause of action for personal injuries. Both the Court of Common Pleas and the Appellate Session of the Superior Court concluded that the decision in *Berlinski* controlled a decision in this case and required judgment for the defendant.

The plaintiff seeks to distinguish the present case from *Berlinski* on the basis that in this case an arbitration award had been made and the award had been paid by the insurance company before it exercised its right under the trust agreement to assume control of this suit and prosecute it in the name of the plaintiff. It is argued in the name of the plaintiff, and despite the admission in the pleadings that the subrogation agreement "is the assignment of a personal injury claim," that the arbitration award had the effect of a judgment so that the award itself was assigned, as a judgment might have been assigned at common law regardless of whether it involved personal injuries. This court recognized in *Berlinski* (p. 485) that the common-law prohibition against assignment of a personal injury claim would not apply once the claim had been reduced to judgment.

We believe, however, that this case cannot be distinguished from *Berlinski* and the principles of law as stated in that case lead us to find no error on

the present appeal. While the arbitration award had the force of a judgment as between the plaintiff and the insurance carrier, it had no such effect on the defendant. The present suit is not based on the arbitration award but on the underlying personal injury claim which the trust agreement purported to assign. That the dispute between the plaintiff and the insurance carrier was resolved by arbitration rather than by agreement does not alter the aspects of the personal injury claim assignment found illegal in *Berlinski*.

In *Berlinski* (p. 494), we quoted with approval from the decision in *Peller* v. *Liberty Mutual Fire Ins. Co.*, 220 Cal. App. 2d 610, 612, 34 Cal. Rptr. 40: " 'If an insurance company is to be allowed the right to indemnify itself by subrogation of the insured's right to press a claim arising out of personal injuries, against a third party tortfeasor, that right must emanate from legislative action and not from court-made law.' " We further observed (p. 493) that "[c]learly, there are policy reasons which may well prompt the General Assembly to modify the common-law rule in the case of uninsured motorists" and (p. 494) that "[t]he problem is one which by its very nature can best be regulated and controlled by legislative enactment." The General Assembly has met in three full sessions since *Berlinski* was decided in March, 1973. Its lack of action on the subject is further reason, if any need there be for it, for us to adhere to the established common law which it is the legislature's prerogative to change.

There is no error.

In this opinion the other judges concurred.