## LUMBERMENS MUTUAL CASUALTY CO. *v.* RONALD R. HANSEN

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1010

Argued January 20 – decided May 8, 1981

*Michael Brodinsky,* for the appellant (plaintiff).

*Linda C. Klatt,* for the appellee (defendant).

SHEA, J.   In this appeal the only issue raised is whether an insurance carrier which has paid to its

insured "basic reparations benefits" [1] for injuries he received in an automobile accident in accordance with the terms of "no-fault motor vehicle insurance" [2] provisions of the policy may recover the amount it has paid out in a suit against the person whose negligence caused the accident. The trial court concluded that no such recovery could be allowed in the light of the decisions in *Berlinski* v. *Ovellette*, 164 Conn. 482, 325 A.2d 239 (1973), and *Ciulewicz* v. *Doyle*, 172 Conn. 177, 374 A.2d 175 (1976). Those cases hold that "uninsured motorist" [3] provisions of insurance policies allowing a carrier to be subrogated to the personal injury claim of the insured against negligent third parties in order to recoup the amounts paid to the insured under such coverage violate the common-law rule against the assignment of a cause of action for personal injuries. Restatement, 2 Contracts § 547 (1) (d). Our conclusion is that, although *Berlinski* and *Ciulewicz* might bar the plaintiff's suit in the absence of legislation, General Statutes § 38-325 (c) expressly authorizes a no-fault insurer which has paid "basic reparations benefits" to its insured to recover the amount paid from the negligent party.

The facts are not disputed. On June 3, 1977, the plaintiff's insured, Gerald Gilman, was injured while riding as a passenger in an automobile operated by the defendant which struck a telephone pole. The accident was caused by the negligence of the defendant who was uninsured. Under the no-fault provisions of his policy with the plaintiff, Gilman received "basic reparations" payments for medical expenses and lost earnings of $4235.04. The plaintiff seeks the recovery of that amount from the defendant.

---

[1] See General Statutes § 38-320 defining an insurer's liability for "basic reparations benefits."

[2] See General Statutes chapter 690 entitled "No-Fault Motor Vehicle Insurance."

[3] See General Statutes § 38-175c describing "uninsured motorist coverage."

We reject the proposition advanced by the plaintiff that the common-law rule barring the assignment of a personal injury claim, which in *Berlinski* and *Ciulewicz* was found applicable to subrogation under uninsured motorist insurance coverage, would not also apply to a subrogation action for the recoupment of "basic reparations" payments. The opinion in *Berlinski* includes a discussion of other kinds of insurance where subrogation would not be permissible under the common-law rule and suggests that the time may be appropriate for legislative modification of the rule "in the case of Blue Cross, the Connecticut Medical Service, medical payments insurance, accident insurance, and double indemnity benefits under life insurance policies." *Berlinski* v. *Ovellette*, supra, 494. In both *Berlinski* and *Ciulewicz* the opinions quote with aproval the view taken in *Peller* v. *Liberty Mutual Fire Ins. Co.*, 220 Cal. App. 2d 610, 612, 34 Cal. Rptr. 41 (1963): "If an insurance company is to be allowed the right to indemnify itself by subrogation of the insured's right to press a claim arising out of personal injuries, against a third party tortfeasor, that right must emanate from legislative action and not from court-made law." We see no reason to exempt subrogation under no-fault insurance from that principle.

We agree with the plaintiff that a right of subrogation for no-fault insurance carriers has been created by General Statutes § 38-325 (c) which provides that "[w]henever a person who receives basic reparations benefits for an injury has a right of recovery against any person or organization not described in subsection (b), an insurer that has paid such benefits to or for the injured person shall be subrogated to all such rights of recovery to the extent of its payments." The reference to a "person or organization not described in subsection (b)," who is exempted from such subrogation claims, is to someone for whom the re-

quisite insurance coverage has been provided. General Statutes § 38-325 (b).[4] The effect of this exemption is to prohibit subrogation claims against persons for whom "basic reparations" insurance has been provided as required by General Statutes § 38-327, but to permit such claims to be brought against others who are not within the no-fault system. Since the status of the defendant as the wholly uninsured driver and owner of the private passenger motor vehicle involved in the accident is admitted, it is clear that he cannot claim the benefit of the exemption created for an "owner, registrant, operator or occupant of a private passenger motor vehicle with respect to which security has been provided . . . ." General Statutes § 38-325 (b).

It appears from the memorandum of decision that the trial court construed the general prohibition contained in subsection (a) of § 38-325[5] against subrogation by an insurer to negate the effect of subsection (c) which creates such a right.[6] The prohibition in subsection (a) is preceded by the phrase, "[e]xcept as provided in this section," which obviously was intended to preserve the subrogation right created by subsection (c).

---

[4] General Statutes § 38-325 (b) (1977 Rev.) provides as follows: "Whenever a person who receives basic reparations benefits for an injury recovers damages from the owner, registrant, operator or occupant of a private passenger motor vehicle with respect to which security has been provided under this chapter or from a person or organization legally responsible for his acts or omissions, the insurer is entitled to reimbursement from the claimant to the extent that said basic reparations benefits have been paid and the insurer shall have a lien on the claimant's recovery to such extent."

[5] General Statutes § 38-325 (a) provides as follows: "Except as provided in this section, an insurer does not have, and may not directly or indirectly contract for, any right of subrogation to the proceeds of any cause of action of a recipient of basic reparations benefits against any person or organization not entitled to an exemption from liability under section 38-323."

[6] This prohibition renders the argument of the plaintiff concerning the limited effect of *Berlinski* and *Ciulewicz* as discussed largely academic.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover the sum of $4235.04 against the defendant with costs.

In this opinion DALY and COVELLO, Js., concurred.