[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on plaintiff's motion to substitute party plaintiffs and request for leave to amend.
Two Connecticut cases are determinative of the issues presented by plaintiff's motion and request. In Berlinski v. Ouellette, 164 Conn. 482 (1973) and Ciulewicz v. Doyle, 172 Conn. 177 (1976), the Court found that the assignment of a claim for personal injuries was barred as a matter of public policy.
The court, in Berlinski, at page 485, stated:
 "Regardless of form and the protective coloration employed by use of the term `trust agreement,' it is an inescapable conclusion that the trust agreement purported to transfer from the plaintiff to Allstate the right to pursue at Allstate's own expense and by its own choice of counsel, and in the name of the plaintiff, the plaintiff's cause of action against the defendants to recover for itself damages for all his personal injuries and retain for itself any damages it recovered to the extent of its payment to the plaintiff. By whatever name the parties chose to call the agreement and the transfer of the cause of action, it CT Page 7984 was in essence an assignment of a cause of action for personal injuries and, in the absence of legislative change in the common-law rule against such an assignment is contrary to public policy and impermissible."
The Court further stated that there was no difference between the effect of subrogation and assignment, opining that while subrogation and assignment each have certain technical differences, each operates to transfer from one person to another a cause of action against a third person.
Similarly, in Ciulewicz, supra, the court, in refusing to distinguish it from Berlinski, said:
 "We believe, however, that this case cannot be distinguished from Berlinski and the principles of law as stated in that case lead us to find no error on the present appeal. While the arbitration award had the force of a judgment as between the plaintiff and the insurance carrier, it had no such effect on the defendant. The present suit is not based on the arbitration award but on the underlying personal injury claim which the trust agreement purported to assign. That the dispute between the plaintiff and the insurance carrier was resolved by arbitration rather than by agreement does not alter the aspects of the personal injury claim assignment found illegal in Berlinski." Id. at 180-181.
Plaintiff's motion and request are denied.
Mihalakos, J.