[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is the motion of Michaels Inc. (Michaels) to join as a party plaintiff and to file a proposed complaint.
Said motion should be granted.
Defendant objects to said motion on a very limited ground.
On February 20, 1992, plaintiff, Marie O'Connell, commenced this action by way of a one count complaint against defendant, May Department Stores Company d/b/a G. Fox Department Store. Plaintiff alleges that she sustained injuries as a result of defendant's negligent placement of merchandise racks in close proximity to each other, thus creating a "dangerous and hazardous condition for pedestrians viewing merchandise." Subsequently, defendant filed its answer and special defenses.
On January 7, 1993, plaintiff's employer, Michaels, filed a "Motion To Join As Plaintiff," accompanied by a proposed complaint; defendant filed its objection to said motion on January 19, 1993.
Michaels moves the court for permission to be joined as a plaintiff in this action pursuant to General Statutes 52-101 and CT Page 4337 Practice Book 83. Michaels claims that its employee, plaintiff O'Connell, received medical benefits pursuant to the terms of Michaels' Group Health Plan (the "Health Plan"), as a result of the injuries she sustained. Michaels argues that it has an interest in the subject matter of this, and in obtaining the judgment demanded, because it is "subrogated to the rights of its employee for the recovery of benefits paid."
Michaels emphasizes that its Health Plan is a self-funded plan, established pursuant to the Employee Retirement Income Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), and, therefore, it contends that the subrogation rights contained in the Health Plan are not affected by General Statutes 52-225c.
Defendant, citing Berlinski v. Ovellette, 164 Conn. 482, objects to Michaels' motion on the sole ground that Connecticut law prohibits the prejudgment assignment of personal injury claims. However, the Berlinski case is distinguishable from the facts of the case at bar because the subrogation provision at issue here does not operate as an assignment.
In Berlinski, the plaintiff, an insured under his father's policy, had been injured as a result of a motor vehicle collision with an uninsured defendant. Id., 483. The insurance company, Allstate Insurance, had compensated plaintiff for his injuries, and, in accordance with the provisions of the policy, plaintiff executed a "Trust Agreement." Id., 484. Pursuant to the terms of this agreement, plaintiff "agreed, as `trustee' to hold for Allstate as `beneficiary' all rights, claims and causes of action he might have against any other party because of the claim he had made against Allstate. . . ." Plaintiff was required to take any action necessary to recover the damages paid to the "trustee," and all costs and expenses associated with such action were to be by Allstate, although the action would be taken in the name the trustee. Id., 484. The court, observing that the common law prohibited the prejudgment assignment of a personal injury cause of action, found that the "trust agreement" operated to assign such a cause of action, and concluded that the agreement was impermissible and contrary to public policy. Id., 485-87. The court declined to follow other jurisdictions that had found that such policy provisions constituted "permissible subrogation and do not constitute an assignment." Id., 488. The court emphasized that, "[a]s applied to the present circumstances there is nothing distinguishable between the effect of subrogation and assignment [,]" and the court concluded that "[s]ubrogation, CT Page 4338 where applied in a manner to transfer the right to designate counsel, to initiate, to settle and generally to control a suit, is not practically different from assignment." Id., 489. The court further distinguished between "an enforceable interest in the proceeds of an action and the right to maintain the action itself. Once the insured has litigated a claim, the policy prohibiting the assignment of personal injury claims does not necessarily interfere with equitable subrogation and an equitable disposition of the proceeds." Id. See also Ciulewicz v. Doyle,172 Conn. 177, 179, 181, citing Berlinski v. Ovellette, supra, trust agreement which provided that plaintiff's suit would be "taken over and pursued" by plaintiff's insurer falls within common law prohibition against personal injury claim assignment).
The principle of this Berlinski case does not bar the operation of Michaels' subrogation provision. In the instant action, the subrogation provision at issue does not operate as an assignment of a cause of action for personal injuries. Michaels does not seek a transfer of a "right to designate counsel, to initiate, to settle" or generally to control this suit. Rather, in the event plaintiff recovers from defendant, Michaels seeks to obtain reimbursement of medical benefits paid to plaintiff.
Although, in Connecticut, a right of subrogation is circumscribed in certain circumstances, defendant raises no issue and cites no authority other than the Berlinski case. See General Statutes 52-225, 52-225c; Sargeant v. Local 478 Health Benefits Ins. Fund, 746 F. Sup. 241, 245 n. 6 (D. Conn.)
In view of the limited issue raised by the objection and the limited briefing by the defendant, this court should not extend its consideration to possible issues of jurisdiction and pre-emption. FMC Corp. v. Holliday, ___ U.S. ___, 111 S. CT. 403,407 (1990).
Accordingly, the objection is overruled and the motion to join as party plaintiff is granted.
Ronald J. Fracasse, Judge