[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant insurance company moves to strike on the ground that a declaratory judgment action is the improper method of resolving insurance coverage issues.
This action arises out of an automobile accident that occurred on May 26, 1989, between an automobile driven by Michael DeCristoforo and owned by Mark Casman, and an automobile owned and operated by John Benicewicz. Mr. Benicewicz and his passenger, Janice Benicewicz, sustained CT Page 4219 injuries as a result of the accident, which was allegedly caused by Mr. DeCristoforo.
Mr. Casman's insurance company, the Hartford Insurance Company, paid its policy limits on his vehicle, in settlement of claims of Mr. and Mrs. Benicewicz. The defendant, Nationwide Mutual Insurance ("Nationwide"), denied coverage to Michael DeCristoforo under a policy issued to his father, Anthony DeCristoforo, because at the time of the accident, Michael DeCristoforo was not a resident of Anthony DeCristoforo's household.
Amica Mutual Insurance Company's ("Amica") insureds, John and Janice Benicewicz, filed an underinsured motorist coverage claim with the plaintiff, Amica, and were awarded the sums of $650,000 and $50,000, respectively. Subsequently, John Benicewicz filed a civil suit against Michael DeCristoforo to recover damages for injuries sustained. The suit against Michael DeCristoforo is presently pending in the judicial district of New Haven.
Amica brought the present declaratory judgment action against Nationwide to determine: Whether Nationwide was the insurer of Anthony DeCristoforo on the date of the accident; whether Michael DeCristoforo was a member of the household and covered under Anthony DeCristoforo's policy; and whether Nationwide is obligated to pay its policy limits for the aforesaid accident.
On November 16, 1994, the defendant Nationwide filed a motion to strike the plaintiff Amica's complaint on the ground that the court cannot properly grant the plaintiff's prayer for declaratory relief. In accordance with Practice Book § 155, the defendant filed a memorandum in support of its motion, and the plaintiff has timely filed a memorandum in opposition.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The motion to strike admits all well-pleaded facts but does not admit legal conclusions or accept the accuracy or truth of any opinions stated in the complaint. Mingachos v. CBS,196 Conn. 91, 108, 491 A.2d 368 (1985). Moreover, a party may CT Page 4220 properly challenge the legal sufficiency of a declaratory judgment action under Practice Book § 390 by a motion to strike. England v. Town of Coventry, 183 Conn. 362, 365-66,439 A.2d 372 (1981).
In its memorandum in support of the motion to strike the defendant argues that a declaratory judgment action is an improper method for resolving the plaintiff's claim. The defendant argues that the proper method would be for Amica's insureds, John and Janice Benicewicz, to enforce their rights, if any, against Michael DeCristoforo and, if the Benicewicz' are successful, they may then sue Nationwide in a subrogation action pursuant to General Statutes § 38a-321. The defendant further argues that since an applicable statutory remedy exists in General Statutes § 38a-321, the plaintiff's direct declaratory judgment action against another insurance carrier, seeking to resolve a denial of coverage dispute, is improper.
In response, the plaintiff Amica argues that one of the broad purposes of a declaratory judgment action is to prevent litigation. The plaintiff further argues that "[t]his is precisely what [Amica] is trying to do, rather than follow the method suggested by Defendants which is unduly burdensome, and time consuming." The plaintiff argues that the declaratory judgment action has been successfully used to determine insurance coverage. Finally, the plaintiff argues that through its declaratory judgment action, it seeks a determination of whether Michael DeCristoforo is covered by the insurance policy issued to Anthony DeCristoforo and, if so, whether the insurer, Nationwide, is liable under that policy to the plaintiff for amounts they paid to their insureds, John and Janice Benicewicz, up to the limits of the Nationwide policy.
"[A] successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress . . . must show that the court could not in the exercise of sound discretion permit the action to proceed." (Citations omitted.) Aetna Casualty Surety Co. v.Jones, 220 Conn. 285, 293-94, 596 A.2d 414 (1991). Additionally, "[t]o deny declaratory relief on the ground of the existence of other remedies, it must appear that the asserted remedies are not only available but that they are speedy and adequate and as appropriate as the requested relief." Aaron v. Conservation Commission, 178 Conn. 173, 179, CT Page 4221422 A.2d 290 (1979).
A declaratory action is appropriate where "there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties." Practice Book § 390(b). Finally, the declaratory judgment procedure has been used many times in cases involving questions of automobile insurance coverage. See Nationwide Ins. Co. v. Gode, 187 Conn. 386,446 A.2d 1059 (1982); Safeco Ins. Co. v. Vetre, 174 Conn. 329,387 A.2d 539 (1978); Pecker v. Aetna Casualty Surety Co.,171 Conn. 443, 370 A.2d 1006 (1976); LaChance v. Hartford A ICo., 6 CSCR 381 (March 18, 1991) (O'Conner, J.).
The defendant moves to strike the present declaratory judgment action on the ground that the plaintiff has a more appropriate statutory remedy to determine the defendant's liability, namely an action based on General Statutes § 38a-321. General Statutes § 38a-321 states, in pertinent part, that:
 [An] insurance company which issues a policy to any person . . . insuring against loss or damage on account of bodily injury . . . by accident of any person, or damage to the property of any person, for which loss or damage such person . . . is legally responsible, shall, wherever a loss occurs under such policy, become absolutely liable.
The defendant argues that the proper procedure for the plaintiff to follow is to force its insureds, the Benicewicz', to enforce their rights against Michael DeCristoforo and, if they are successful, sue Nationwide in a subrogation action pursuant to General Statutes § 38a-321.
The method suggested by the defendant is not as efficient as the present declaratory judgment action to determine the rights and liabilities of the parties. General Statutes §38a-321 does not clearly afford a speedy remedy as effective, convenient, appropriate, and complete as the present declaratory judgment action. The remedy provided by General Statutes § 38a-321 would not become effective until the Benicewicz' obtained a judgment against Michael DeCristoforo in the pending civil case and a determination that Michael DeCristoforo was covered under the Nationwide policy at the CT Page 4222 time of the accident. Such a determination may not, if at all, be made until the close of the pending civil action.
However, the present declaratory judgment action is a speedier and more efficient way to determine whether Michael DeCristoforo was covered under the Nationwide policy at the time of the accident, and whether Nationwide is obligated to pay its policy limits to the plaintiff Amica for the amount Amica paid to its insureds as a result of the accident. "A declaratory judgment action is the appropriate method for an insurance company to determine its obligation to defend and indemnify an insured." Aetna Casualty Surety v. Gentile etal., 11 Conn. L. Rptr. 144, 147 (April 11, 1994) (Fracasse, J.). Accordingly, the defendant Nationwide's motion to strike is denied.
Mary R. Hennessey, Judge