[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#114)
On October 1, 1993, the plaintiffs, David Stott (Stott) and Northland Insurance Company (Northland), filed a two-count complaint against the defendant, the City of Bridgeport. On October 25, 1994, the plaintiffs filed the operative revised complaint. The plaintiffs allege in their revised complaint that Stott's vehicle struck cement barriers placed on East Washington Street in Bridgeport by the defendant. Stott's vehicle sustained damages in the amount of $6731.56. Northland paid Stott a portion of the damages and is subrogated to the claim of Stott. In the first count, Stott seeks to recover damages from the defendant pursuant to § 13a-149. In the second count, Northland seeks reimbursement of the insurance benefits it paid to Stott pursuant to its right to subrogation.
On December 5, 1994, the defendant filed a motion to strike the second count of the complaint and a memorandum in support of the motion on the ground that an insurance company is not entitled to relief pursuant to § 13a-149. The plaintiffs filed a memorandum in opposition to the motion to strike on December 13, 1994. On December 22, 1994, the defendant filed a reply memorandum.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or CT Page 6448 cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof."Bouchard v. People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1
(1991). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS,Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985).
The defendant argues in its motion to strike that § 13a-149
provides for a statutory remedy only for a traveler on the highway. It seeks to strike the second count of the complaint citing Sanzonev. Board of Police Commissioners, 219 Conn. 179, 592 A.2d 912
(1991), on the ground that the plaintiff, Northland Insurance Company, is not an injured traveler and is therefore not entitled to relief pursuant to § 13a-149. The plaintiffs argue that Northland makes a legally sufficient claim based on Quire v. Cityof Stamford, 231 Conn. 370, A.2d (1994), where the court found that an employer, pursuant to § 31-293(a), had a right to seek reimbursement in an action brought pursuant to § 13a-149.
Section 13a-149 provides that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ." A review of Connecticut case law does not reveal any decision that addressed the specific issue of whether an insurance company has a right to subrogation in a claim brought pursuant to § 13a-149.
The supreme court has stated that "[t]he traveler upon the highway is the only person who can maintain an action for the recovery of the penalty provided by this statute, and he only, for an injury which is the direct result of a defect in the highway suffered by him. . . ." Frechette v. New Haven, 104 Conn. 83, 88,132 A. 467 (1926). More recently, the supreme court ruled that "[s]ection 13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured `traveler.'" Sanzone v.Board of Police Commissioners, 219 Conn. 179, 199, 592 A.2d 912
(1991). The Sanzone v. Board of Police Commissioners decision, denying a loss of consortium claim by the spouse of the injured traveler, has been cited by superior courts denying recovery to CT Page 6449 other claimants who were not travelers. See, e.g., Lockwood,Kessler Bartlett v. Burns, 7 Conn. L. Rptr. 224 (1992) (Hennessey, J.) (claim for indemnification by a contractor pursuant to § 13-144 is impermissible); Murphy v. Town of East Windsor,5 Conn. L. Rptr. 129, 131 (October 8, 1991) (Hennessey, J.) (medical expenses are not recoverable by parent of traveler pursuant to § 13a-149).
In Quire v. City of Stamford, supra, 231 Conn. 370, the supreme court ruled that the subrogation of an employer who has paid workers' compensation benefits to the injured traveler is consistent with the requirement that only an injured traveler may recover damages under § 13a-149. The court stated that "§ 31-293(a) expressly affords an employer the right to [seek reimbursement for workers' compensation benefits paid to employee]. Moreover, unlike the spouse who seeks damages for loss of consortium, the employer who intervenes in its employee's action as authorized by § 31-293(a) does not enlarge the amount of the recovery against the municipality. Rather, the employer may only obtain reimbursement for workers' compensation benefits paid to its employee from any damages recovered by the employee. We conclude, therefore, that § 13a-149 does not bar [the plaintiff] from seeking reimbursement from the defendant under § 31-293(a)." Id., 376.
The Quire v. City of Stamford decision, supra, allowed subrogation in a § 13a-149 action pursuant to a statutory right created by § 31-293(a). Similarly, "[i]f an insurance company is to be allowed the right to indemnify itself by subrogation of the insured's right to press a claim arising out of personal injuries against a third party tortfeasor, that right must emanate from legislative action. . . ." Lumbermens Mutual Casualty Co. v.Hansen, 37 Conn. Sup. 672, 674, 434 A.2d 372 (App. Sess. 1981); but see Hartford Accident Indemnity Co. v. Chung, 37 Conn. Sup. 587,590-91, 429 A.2d 158 (App. Sess. 1981) (ruling that the very nature of a contract of insurance as a contract of indemnity allows the insurer to be subrogated to the insured's right of action against a third party). At the time this action was filed, § 38a-369(c) provided the statutory right for an insurance company to subrogate to the insured's right of action.[1] It stated that "whenever a person who receives basic reparations benefits for an injury has a right of recovery against any person or organization not described in subsection (b), an insurer that has paid such benefits to or for the injured person shall be subrogated to all such rights of recovery to the extent of its payments." "General Statutes [§ 38a-369] expressly authorize[d] a no-fault insurer which has paid CT Page 6450 `basic reparation benefits' to its insured to recover the amount paid from the negligent party." Lumbermens Mutual Casualty Co. v.Hansen, supra, 37 Conn. Sup. 673; see also Zayas v. LaidlawTransit, 11 Conn. L. Rptr. 70 (February 9, 1994) (Maiocco, J.).
Therefore, Northland has a right to subrogation. Northland is in a similar position as the employer who paid benefits pursuant to § 31-293(a), as its claim against the defendant "is derived entirely from the [injured traveler's] right to recover damages against the municipality under § 13a-149." Quire v. City ofStamford, supra, 231 Conn. 376.
Consequently, the plaintiff Northland may seek subrogation in the present action as it seeks only reimbursement from the plaintiff Stott for the insurance benefits it has already paid to him. Accordingly, the court denies the defendant's motion to strike the second count of the complaint as it states a legally sufficient claim.
MAIOCCO, JUDGE