[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This complaint was returned to court on June 28, 1995. The facts which gave rise to the complaint arise out of a collision between two automobiles which occurred in Meriden, Connecticut, on December 27, 1993. Defendants' vehicle struck a vehicle insured by plaintiff injuring the operator of plaintiff's vehicle. The evidence adduced at the hearing satisfied the court that the defendant operator was legally liable for the collision.
Both defendants were defaulted for failure to appear. At the hearing in damages plaintiff submitted three separate claims for damages:
 Property damage resulting from the loss to the insured car based on collision coverage. $ 3,498.70
 Reimbursement of Basic Reparations payments to the insured operator. 5,000.00
 Reimbursement of an uninsured payment to the insured operator. 23,500.00
The court accepted plaintiff's subrogation claim for damage CT Page 12670 to the insured vehicle.
The court rejected the plaintiff's claim for reimbursement of the sums paid to its insured operator under uninsured motorist coverage.
Berlinski v. Ovellette, 164 Conn. 482 (1973)
Ciulewicz v. Doyle, 172 Conn. 177 (1976)
Although the statute permitting subrogation for basic reparation benefits has been amended rescinding such rights as of January 1, 1994, the policy providing such benefits was written prior to the expiration of the no fault law and the accident triggering the basic reparation loss occurred while the no fault law was in effect. This fact pattern permits an insurer to file a subrogated claim for reimbursement.
Accordingly judgment may enter for the plaintiff in the amount of $8,498.70 plus costs.
Dorsey, J. State Trial Referee