[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#102)
This action arises out of an automobile accident that occurred on October 1, 1994, between an automobile owned and operated by Carmen L. Lugo and an automobile owned and operated by Horace Rosemond. Mr. Rosemond claims to have sustained various personal injuries as a result of the accident, which was allegedly caused by Ms. Lugo.
On August 28, 1995, the plaintiff, Colonial Penn Insurance Company (Colonial Penn), filed a complaint against the defendant, Patriot General Insurance Company (Patriot General), seeking a declaratory judgment that the defendant wrongfully denied automobile liability coverage in the underlying tort action against the defendant's insured, Carmen L. Lugo. The plaintiff alleges that the defendant issued an automobile liability policy to Lugo, said policy to be effective from September 10, 1994 to March 10, 1995. See Plaintiff's Complaint, Exhibit A, Patriot General Automobile Policy. According to the plaintiff, Patriot General, relying on the named driver exclusion endorsement in its automobile liability policy, denied liability coverage to Carmen L. Lugo. The plaintiff alleges in its complaint that the named driver exclusion in the Patriot General policy, which purports to exclude the named insured from liability coverage, conflicts with General Statutes §§ 14-12d[1] [sic] and 38[a]-334 [sic], which mandate that owners of registered motor vehicles comply with the minimum financial responsibility laws of Connecticut.
The plaintiff further alleges that it issued an automobile liability policy to Horace Rosemond with uninsured motorist coverage, which policy was in effect on October 1, 1994. According to the plaintiff, as a result of the denial of coverage by Patriot General, the plaintiff's insured, Rosemond, made a claim for uninsured motorist benefits under the plaintiff's policy. The plaintiff now seeks a declaratory judgment requiring Patriot General to provide coverage for the Rosemond claim.
On October 5, 1995, Patriot General filed a motion to strike the plaintiff's complaint on the grounds that: 1) the plaintiff lacks standing to bring a declaratory judgment action to contest the validity of the defendant insurer's denial of coverage; 2) the complaint fails to comply with the requirements of Practice CT Page 951 Book § 390 that all interested persons, namely the injured party and the alleged tortfeasor, be made parties to the action; and 3) the plaintiff's claim of wrongful denial of coverage is without merit because General Statutes § 38a-335 allows a liability insurer to exclude from coverage a named insured. In accordance with Practice Book § 155, the defendant filed a memorandum of law in support of this motion. On November 1, 1995, the plaintiff filed a timely opposing memorandum of law, and on November 7, 1995, filed a supplemental memorandum of law in opposition to the defendant's motion.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 398 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215.
The question of "whether a court should grant declaratory relief is properly decided by a motion to strike." Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 293, 596 A.2d 414 (1991). "Section 390(c) of the Practice Book allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete." (Footnote omitted.)England v. Coventry, 183 Conn. 362, 365, 439 A.2d 372 (1981). Therefore, "`[a] successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress . . . must show that the court could not in the exercise of sound discretion permit the action to proceed.'"Aetna Casualty Surety Co. v. Jones, supra, 220 Conn. 293-94.
Declaratory judgment actions are governed by General Statutes § 52-29 and Practice Book §§ 389-94. Section 389 provides, in pertinent part, that the court will "render CT Page 952 declaratory judgments as to the existence or nonexistence of (a) any right, power, privilege or immunity; or (b) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend, whether such right, power, privilege or immunity now exists or will arise in the future." Further, § 390 provides: "The court will not render declaratory judgments upon the complaint of any person: (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."
"There is no question that a declaratory judgment action is a suitable vehicle to test the rights and liabilities under an insurance policy." St. Paul Fire Marine Ins. Co. v. Shernow,22 Conn. App. 377, 380, 577 A.2d 1093 (1990), aff'd, 222 Conn. 823,610 A.2d 1281 (1992). The issue presented in this motion is whether the plaintiff insurance carrier may bring a declaratory judgment action against the defendant insurance carrier to determine the validity of the latter's denial of coverage for the alleged tortfeasor. Although this issue has not been addressed by the appellate courts, at least three Superior Court opinions have addressed this issue and permitted the plaintiff insurer to bring such a declaratory judgment action. See Automobile Ins. Co. v.Papa, Superior Court, judicial district of Tolland at Rockville, Docket No. 56061 (April 25, 1995) (Rittenband, J.); AMICA Ins. Co.v. Nationwide Mutual Ins. Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542179 (April 21, 1995) (Hennessey, J.), 14 Conn. L. Rptr. 225); Nationwide Ins. Co.v. Bergeron, Superior Court, judicial district of New Haven at New Haven, Docket No. 185929 (October 27, 1981) (Celotto, J.), 8 CLT No. 12, p. 13).
In its supporting memorandum, Patriot General argues that none of the four preconditions to declaratory relief in Practice Book § 390 have been satisfied in this case. According to the defendant, this action fails to satisfy Practice Book § 390(c) in that the appropriate procedure to be used under the circumstances is set forth in General Statutes § 38-175 (now CT Page 953 § 38a-321), and should not be circumvented by "the short cut attempted by Colonial Penn." Defendant's Memorandum, p. 34. The defendant also claims that Colonial Penn has failed to meet the "interest" and "dispute" requirements of Practice Book § 390(a) and (b). Furthermore, the defendant argues that the plaintiff's failure to name Horace Rosemond and Carmen L. Lugo as parties to the action renders the litigation invalid in that Practice Book § 390(d) requires that all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof. Finally, the defendant contends that the plaintiff's claim is without merit in that General Statutes § 38a-335(d) authorizes a liability insurer to exclude coverage for a named insured.
In its opposing memorandum, Colonial Penn argues that it has standing to bring a declaratory judgment action and that in numerous lower court cases, the courts determined that a declaratory judgment action would afford a more efficient, speedy and complete resolution than a direct action under former § 38-175 (now § 38a-321) of the General Statutes.
With regard to the "interest" and "dispute" requirements of Practice Book § 390(a) and (b), Colonial Penn argues that as the injured parties uninsured motorist carrier it certainly has an interest in whether Carmen L. Lugo is covered under the Patriot General policy and is an indirect beneficiary of the contract between Lugo and Patriot General. The plaintiff concludes that it not only has standing to bring a declaratory judgment action in this case, but that a declaratory judgment action is the proper vehicle by which to determine whether there is coverage under the defendant's policy.
Assuming that Rosemond and Lugo are interested parties, Colonial Penn argues that Practice Book § 390(d) does not require that they be made parties to the action but only that they have reasonable notice thereof. According to Colonial Penn, even if these individuals do not have notice, this does not render the litigation invalid, but rather only requires that appropriate notice be given to remedy the defect. Finally, the plaintiff argues that the defendant's third basis for the motion to strike "is the very issue which is at the heart of this controversy," and that a motion to strike is not the proper vehicle to decide the ultimate issue of this dispute.
"`The question of standing [to pursue a declaratory judgment] CT Page 954 is essentially one of aggrievement.'" New Haven Firebird Societyv. Board of Fire Commissioners, 32 Conn. App. 585, 593,630 A.2d 131, cert. denied, 228 Conn. 902, 634 A.2d 296 (1993). A party bringing suit "must `demonstrate a legal interest in the subject matter of [a controversy] that can be distinguished from the interest of the general public.'" Connecticut Business IndustryAssn., Inc. v. CHHC, 218 Conn. 335, 345, 589 A.2d 356 (1991). "Our rules of practice . . . accordingly provide that no court will render a declaratory judgment on the complaint of a person `unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations which requires settlement between the parties.'" (Citations omitted.) Id., 346-47, quoting Practice Book § 390(a). A declaratory judgment action is appropriate where "there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties." Practice Book § 390(b).
The only issue in the present declaratory judgment action is the existence or non-existence of coverage under the Patriot General policy. While the plaintiff claims that the policy covers and protects Lugo, the defendant has denied coverage, claiming that Lugo is excluded from coverage under the named insured exclusion. There is thus an "an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties," as required by Practice Book § 390(b). See Hartford Accident Indemnity Co. v. Williamson, 153 Conn. 345, 348, 216 A.2d 635
(1966). The coverage determination in this case would also have a significant impact on Colonial Penn since, if judgment enters in its favor, the coverage provided by the Patriot General policy may relieve Colonial Penn of liability, and thus the plaintiff "has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations which requires settlement between the parties," as required by Practice Book § 390(a). It is in this manner that Colonial Penn is affected differently than the public at large. Therefore, since Colonial Penn maintains a legal interest in the controversy that can be distinguished from the interest of the general public;Connecticut Business Industry Assn. v. CHHC, supra,218 Conn. 345; namely, its duty to provide uninsured motorist coverage may depend on the existence of liability coverage under the Patriot General policy, Colonial Penn has standing to assert this declaratory judgment action. CT Page 955
The defendant in the present case also moves to strike the plaintiff's complaint on the ground that the plaintiff's exclusive remedy is an action pursuant to General Statutes §38a-321, which provides that a judgment creditor is subrogated to the rights of an insured defendant and shall have a right of action against the insurer "if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered . . . ." "Under the facts of this case, the statute would require the plaintiff's insured to obtain a judgment against the defendant's insured. If the defendant carrier then refused to pay the judgment, the plaintiff's insured, now a judgment creditor, would be subrogated to all rights of the defendant's insured and would have a right of action against the defendant insurer to the same extent that the defendant's insured could have enforced payment by the insurer of the judgment against him. The plaintiff, thereafter, would be entitled to recover from its insured the amount it had previously paid as a result of the defendant's wrongful dishonor of coverage." (Emphasis added.) U.S. Fidelity Guaranty Co. v.Metropolitan Property Liability Ins. Co., 10 Conn. App. 125,129, 521 A.2d 1048, cert. denied, 203 Conn. 806, 525 A.2d 521
(1987). U.S. Fidelity Guaranty Co. v. Metropolitan Property Liability Ins. Co. is distinguishable from the present case, however, in that it involved an action in equity where an adequate remedy at law pursuant to § 38a-321 already existed, rather than a declaratory judgment action to establish the existence or nonexistence of insurance coverage.[2]
The procedure suggested by the defendant, pursuant to General Statutes § 38a-321, does not afford a speedy remedy as effective, convenient, appropriate and complete as the present declaratory judgment action. See Aetna Casualty Surety v.Gentile, Superior Court, judicial district of New Haven at New Haven, Docket No. 353207 (March 22, 1994) (Fracasse, J.),11 Conn. L. Rptr. 144, 147), wherein the court concluded "General Statutes § 38a-321 does not clearly afford a speedy remedy as effective, convenient, appropriate, and complete as this declaratory judgment action; the remedy provided by General Statutes § 38a-321 would not become effective until thirty days after a judgment is rendered in the pending civil case." Connecticut law does not permit the assignment of prejudgment rights. Berlinski v. Ovellette, 164 Conn. 482, 485, 325 A.2d 239
(1973); Ciulewicz v. Doyle, 172 Conn. 177, 180, 374 A.2d 175
CT Page 956 (1976). This avenue of recovery, therefore, "presumes that the uninsured motorist carrier's insured is cooperative in reducing the claim against the tortfeasor to a judgment." J. Berk M. Jainchill, Connecticut Law of Uninsured and Underinsured Motorist Coverage, § 1.5.2, p. 28 n. 19 (1993). "As a practical matter, if an insured has been made `whole' there would be no incentive for her to commence and/or continue an action against the tortfeasor if all monies she recovered had to be returned to the carrier." Berk Jainchill, supra, § 10.2, p. 314. Because the procedure suggested by the defendant is not as effective, convenient, appropriate and complete as the present declaratory judgment action, the defendant has failed to "show that the court could not in the exercise of sound discretion permit the action to proceed." (Internal quotation marks omitted.) Aetna Casualty Surety Co. v. Jones, supra, 220 Conn. 293-94.
This conclusion is supported by the holdings in AutomobileIns. Co. v. Papa, supra; AMICA Ins. Co. v. Nationwide Mutual Ins.Co., supra, 14 Conn. L. Rptr. 225; and Nationwide Ins. Co. v.Bergeron, supra, 8 Conn. L. Trib. No. 12, p. 13. Under circumstances similar to the facts in the present case, the court in Papa held that there was a bona fide and substantial question or issue in dispute, requiring settlement between the parties, and that a sufficient relationship existed between the plaintiff and the defendant, Colonial Penn, to comply with the requirements of Practice Book § 390(b). Furthermore, the court found that the alternative procedure provided by General Statutes § 38a-321 "does not afford a speedy remedy as effective, convenient, appropriate and complete as a declaratory judgment action."Automobile Ins. Co. v. Papa, supra.
Likewise, in Amica, the court held that a declaratory judgment action may be brought by an insurer to determine whether another insurer's motor vehicle policy provides coverage for injuries arising out of an automobile accident for which the plaintiff/insurer paid uninsured motorist benefits to its insured, even though the plaintiff could obtain the same relief by waiting until a pending action by its insured against the tortfeasor was resolved followed by an action against the other insurer under the direct action statute, General Statutes §38a-321.
Finally, in Bergeron, the court denied the defendant's motion to strike and held that the plaintiff's declaratory judgment action to determine the validity of the defendant insurer's CT Page 957 denial of coverage was properly before the court.
Accordingly, the plaintiff has standing to bring the present declaratory judgment action and the complaint complies with Practice Book § 390(a), (b) and (c).
"The jurisdiction of the trial court over declaratory judgment actions depends upon compliance with the notice requirement of Practice Book § 390(d). That section provides relevant part: The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint . . . have reasonable notice thereof. Failure to comply with § 390(d) deprives the trial court of subject matter jurisdiction to render a declaratory judgment. . . . [J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon." (Citations omitted; internal quotation marks omitted.) Serrani v. Board of Ethics,225 Conn. 305, 308, 622 A.2d 1009 (1993).
Both Horace Rosemond and Carmen L. Lugo, as the claimant and insured tortfeasor in the underlying action, have an interest in the subject matter of the complaint. The plaintiff's failure to join Rosemond and Lugo as parties to the action or give them reasonable notice thereof, "deprives the trial court of subject matter jurisdiction to render a declaratory judgment." Serrani v.Board of Ethics, supra, 225 Conn. 308. A conclusion that the trial court lacks subject matter jurisdiction to render a declaratory judgment action "does not, however, require a dismissal of the plaintiff's action . . . ." Id., 309. While the defendant argues that Rosemond and Lugo must be made parties in order to comply with Practice Book § 390(d), "notice to those parties of the action is all that is necessary to comply with Section 390(d)." Gottier v. New Hampshire Ins. Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 45131 (November 15, 1990) (Klaczak, J.), 2 Conn. L. Rptr. 757, 759-60). Instead of dismissing a claim for failure to comply with the notice provisions of § 390(d), a court should consider "the possibility of an appropriate order of notice" to remedy the defect. Dawson v. Farr, 227 Conn. 780, 783, 632 A.2d 41 (1993).
As set forth hereafter, the plaintiff is ordered to serve both Rosemond and Lugo with reasonable notice of the present CT Page 958 declaratory judgment action in order to comply with Practice Book § 390(d). "Once there has been compliance with § 390(d), the trial court will have plenary authority to render whatever judgment it then deems appropriate." Serrani v. Board of Ethics,
supra, 225 Conn. 310.
Finally, the defendant argues that the plaintiff's claim is without merit because General Statutes § 38a-335(d)[3]
authorizes a liability insurer to exclude coverage for a named insured. The plaintiff, however, argues that if § 38a-335
authorizes such an exclusion, as the defendant claims, then that section of the General Statutes is in direct conflict with General Statutes §§ 14-12b, 14-112, 38a-334 and 38a-335(a). The defendant has offered no authority to contradict the plaintiff's allegation. Furthermore, the question of whether § 38a-335 permits an insurer to exclude the named insured from coverage "goes to the merits of this action because it constitutes a `bona fide and substantial question or issue in dispute . . . which requires settlement between the parties . . .' by way of the declaratory judgment which the plaintiffs seek." Scheff v. O'Neill, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 360977 (May 18, 1990) (Hammer, J.), 1 Conn. L. Rptr. 640, 643. "A motion to strike may not be utilized as a device for the determination, as a matter of law in advance of trial, of how the issue should be resolved." Id., citing Hartford Accident Indemnity Co. v.Williamson, supra, 153 Conn. 347. Accordingly, the defendant's motion is denied on this final ground as well.
Based on the foregoing, the defendant's motion to strike the plaintiff's declaratory judgment action is denied provided that within thirty days hereof the plaintiff applies to the court for an order of notice sufficient to provide both Rosemond and Lugo with reasonable notice of this action.