[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The Infinity Insurance Company ("Infinity") commenced this action against Jose Perez to recover uninsured motorist benefits that Infinity paid to AnneMarie Sasseville, pursuant to the settlement of a claim that Sasseville asserted against Infinity, her insurance carrier, after she sustained personal injuries in an automobile accident caused by the negligence of Perez. Sasseville sought to receive uninsured motorist benefits after Perez's insurer denied coverage to Perez. As part of her release of claims against Infinity after the settlement, Sasseville executed a release dated September 26, 1994, which provided, in pertinent part:
 Moreover, in consideration of the payment of $45,000 as basic reparations and uninsured motorist benefits, the undersigned hereby grants to Infinity Insurance Company CT Page 1401-KK all rights, claims, and interest which she has against any person or entity liable for the injuries, losses and damages for which such payments was made, including but not limited to, Jose A. Perez, and authorizes Infinity Insurance Company to sue in her name . . .
The defendant has moved for summary judgment on the grounds that Infinity is pursuing Sassevilles' personal injury claims, which is prohibited under Berlinski v. Ovellette, 164 Conn. 482,485, 325 A.2d 239 (1973); Ciulewicz v. Doyle, 172 Conn. 177,374 A.2d 175 (1976).
In Berlinski Allstate Insurance Company had paid $1,000 to its insured for personal injuries he sustained, and then brought an action against the alleged tortfeasor in the name of its insured. The Connecticut Supreme Court held that Allstate's attempt to assert the personal injury action of its insured contravened a longstanding public policy, stating:
 Under common law a cause of action for personal injuries cannot be assigned, and in the absence of a statutory provision to the contrary a right of action for personal injuries resulting from negligence is not assignable before judgment. 6 Am.Jur.2d 220, Assignments, 37. The rule is succinctly stated in the Restatement, 2 Contracts 547(1)(d): "An assignment of a claim against a third person or a bargain to assign such a claim is illegal and ineffective if the claim is for . . . (d) damages for an injury the gist of which is to the person rather than to property, unless the claim has been reduced to judgment." The annotation, "Assignability of claim for personal injury or death," 40 A.L.R.2d 500, 502 3, has noted: "It seems that few legal principles are as well settled, and as universally agreed upon, as the rule that the common law does not permit assignments of causes of action to recover for personal injuries." See cases therein cited. The rule was early recognized in Connecticut. See Whitaker v. Gavit, 18 Conn. 522, 526. The reasons underlying the rule have been variously stated: unscrupulous interlopers and litigious persons were to be discouraged from purchasing claims for pain and suffering and prosecuting them in court as assignees; actions for injuries that in the absence of statute did not survive the death of the victim were deemed too personal in nature to be assignable; a tort-feasor was not to be held CT Page 1401-LL liable to a party unharmed by him; and excessive litigation was thought to be reduced. Robins Dry Dock Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290; Rice v. Stone, 83 Mass. 566; note, 40 A.L.R.2d 500. The more modern cases suggest that such an assignment directly or indirectly serves to prejudice the ultimate ability of the injured person to be compensated fully. See Harleysville Mutual Ins. Co. v. Lea, 2 Ariz. App. 538, 410 P.2d 495; Fifield Manor v. Finston, 54 Cal.2d 632, 354 P.2d 1073; Forsthove v. Hardware Dealers Mutual Fire Ins. Co., 416 S.W.2d 208, 215-18 (Mo.App.).
164 Conn. at 485-486.
The plaintiff attempts to distinguish this case from Berlinski
and Ciulewicz based on the argument that Infinity is not seeking to recover an unlimited amount of damages as were the plaintiffs in those cases, but instead, seeks only to recover the amounts it paid to its insured. However, the common law prohibits the assignment of personal injury actions. The reasons advanced for the prohibition are equally applicable to assignments where the insurer can recover only the amount it paid, and where its recovery is unlimited:
 There is no statute or regulation authorizing a transfer of total control over the insured's cause of action for his personal injuries upon being compensated under the provisions of an uninsured motorists policy provision.
 The lack of any such express statutory or regulatory modification of the common-law public policy against the assignment of personal injury causes of action, or of statutory authority for an independent action by the insurance company in its own name or in the name of the insured, stands in sharp contrast to the express statutory provisions governing the rights of workmen's compensation insurance carriers. In those cases the legislature has expressly and clearly modified the common-law rule.[5] The legislature obviously knows well how to modify the common-law rule if it deems it advisable to do so.
 Clearly, there are policy reasons which may well prompt the General Assembly to modify the common-law rule in the case of uninsured motorists insurance. The same CT Page 1401-MM reasons may or may not prompt similar modification in the case of Blue Cross, the Connecticut Medical Service, medical payments insurance, accident insurance, and double indemnity benefits under life insurance policies. Obviously, any such legislation must be concerned with problems which may arise if insurance companies are to be permitted in all such cases to proceed as Allstate in this case has attempted to do. The difficulty and confusion which could arise if a workman who carried Blue Cross, CMS, accident and uninsured motorists insurance were injured in the course of his employment by an uninsured, negligent tort-feasor and each insurance carrier were permitted to engage its own counsel and separately sue the tort-feasor in the name of the injured plaintiff is patent. The problem is one which by its very nature can best be regulated and controlled by legislative enactment.
164 Conn. at 493-494.
The plaintiff contends that it is exempt from the well settled law set forth in Berlinski and Ciulewicz because it obtained its rights pursuant to a subrogated interest rather than by assignment, and that Connecticut State Regulation 38a-334-6(e) permits this action. However, these very arguments were rejected by the Court in Berlinski where it held that regulation 38-175a-6(e) (predecessor to regulation 38a-334-6(e)) only authorizes an insurance company to require its insured to hold in trust amounts the insured may have a right to receive, but that regulation does not authorize the company to pursue a cause of action for personal injuries. In addition General Accident v. Wheeler, 221 Conn. 206, 214,603 A.2d 385 (1992) held that the regulation in question pertains only to the insurer's right to proceeds that the insured may recover from a third-party joint tortfeasor.
In Berlinski the Court stated that the common law prohibition against the pursuit of a claim for another individual's personal injuries could not be changed except by an enactment of the General Assembly. Since the publication of Berlinski in 1973 the General Assembly has not changed the common law prohibition.
The plaintiff has also claimed that it is permitted to assert this action to recover for the personal injuries of its insured in order to recover basic reparation benefits under Connecticut General Statutes § 38a-369(b). However, that statute did not CT Page 1401-NN provide for any right of subrogation as the plaintiff claims. It only imposed a lien upon the recovery by a plaintiff in a personal injury action against a motor vehicle operator on behalf of the no-fault payor.
For the foregoing reasons the Motion for Summary Judgment is granted in favor of the defendant.
By the court,
Aurigemma, J.