[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
On December 13, 1995, the plaintiffs, James and Judy Melita, filed a two count complaint seeking underinsured motorist benefits, and damages for loss of consortium from the defendant, CT Page 2434 American States Ins. Co. The plaintiffs allege in their complaint that James Melita was involved in a motor vehicle accident where the vehicle he was operating was struck in the rear by a vehicle operated by Ben Mileski, causing James Melita to suffer injuries. The plaintiffs further allege that Mileski's insurance carrier paid his full $20,000 in coverage, and that the defendant, as James' Melita's insurance carrier, has refused to pay underinsured motorist benefits.
The defendant filed its answer and special defenses on December 19, 1996. In its three special defenses the defendant alleges that James Melita's injuries were caused by his own negligence, that he failed to obtain consent before entering into a settlement with the tortfeasor as required by his insurance policy, and that he has failed to demand benefits from the primary policy holder.
On January 17, 1997, the plaintiffs filed a motion to strike the defendant's second special defense on the grounds that such a special defense is legally insufficient in that the tortfeasor's insurance policy had been exhausted. The plaintiffs also filed a memorandum of law in support of their motion to strike. The defendant filed a memorandum in opposition on February 4, 1997.
The plaintiffs contend that the defendant's special defense of lack of consent is inapplicable to this case as the plaintiffs had exhausted the tortfeasor's policy limits. The defendant responds that settlement without consent is a breach of the insurance policy and a complete defense to an underinsured motorist claim.
Two superior courts have held that a "consent to settle" provision has not been violated when all other applicable insurance coverage has been exhausted because "[t]he defendant could not conceivably have any grounds to withhold [its] consent to a settlement for the limits of the policy. The contract provision of the policy does not apply to these circumstances and the evils it is designed to prevent are not a possibility in this case. The lack of consent to a settlement for the policy limits does not prejudice the defendant and in this case is not a valid defense to the plaintiff's claims." Connor v. State Farm MutualAutomobile Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 327003 (December 9, 1992, O'Keefe, J., 8 Conn. L. Rptr. 35) see also Pinto v. Norfolk DedhamMutual Fire Ins. Co., Superior Court, judicial district of CT Page 2435 Waterbury, Docket No. 111294 (February 23, 1993, Sylvester, J.,8 CSCR 457).
Two other superior courts have held differently. In Hudak v.Safeco Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 101731 (November 22, 1991, Blue, J.) the court denied a motion to strike a special defense based on a violation of a "consent to settle" clause stating that "[t]he plaintiff in his motion gives no reason why this contractual obligation should not be binding, assuming that it exists." However, perhaps the most comprehensive decision rendered thus far regarding this issue is that in Bertz v. Horace Mann Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 115842 (June 19, 1995, Flynn, J., 14 Conn. L. Rptr. 523). In Bertz the court denied a motion to strike a special defense based upon a violation of a "consent to settle" clause where the plaintiffs had settled for the full amount of the tortfeasor's liability policy. The court stated that "[t]he purpose of the `consent-to-settle' clause in an UIM endorsement to protect the insurer's right of subrogation against the tortfeasor. . . . Generally, such clauses in UIM endorsements are not against public policy and are valid. . . . However, other jurisdictions have determined that such clauses conflict with the statutory scheme for UIM insurance, and are therefore void as against public policy." (Citations omitted.) Id. The Bertz court determined that the value of a "consent to settle" clause is not merely to exhaust the limits of a tortfeasor's policy, but rather "[t]he effect of the insurer's refusal to consent to settlement . . . is to ensure that the insured will not settle a claim against the tortfeasor for the amount of the tortfeasor's policy — thus giving a full release and extinguishing any right of subrogation — when the tortfeasor has substantial assets or may later acquired assets from which the insurer would be able to satisfy any judgment above the tortfeasor's policy limits obtained by the insured." Id. The Bertz court further stated that this is not to say that an insurer can withhold its consent to settlement when it is not prejudiced by the insured's settlement with the tortfeasor, or similarly when the refusal to consent to settlement would violate the `obligation of good faith and fair dealing' imposed on the parties to an automobile insurance contract." (Footnotes omitted.) Id.
The reasoning by the court in Bertz is most compelling. The "court criticized Pinto in stating that the ruling in that case was "based on the overbroad assumption that [u]nder Connecticut law, an insurance company has no right of subrogation against CT Page 2436 tortfeasor." (Internal quotation marks omitted.) Id. However, theBertz court noted that an insurer has a right to subrogation to a personal injury claim reduced to judgment. Id., citing, Ciulewiczv. Doyle, 172 Conn. 177, 180, 374 A.2d 175 (1976). Recently, this analysis has been further bolstered in that Ciulewicz has been overruled by Westchester Fire Ins. Co. v. Allstate Ins. Co.,236 Conn. 362, 672 A.2d 939 (1996), which held that an insurer has a, broader right to equitable subrogation in a personal injury action, not just in a judgment, because the right of equitable subrogation is not equivalent to the assignment of a personal injury cause of action.
This court will adopt the rationale of the court in Bertz and hold that the plaintiffs' argument that the defendant's special defense, based on the consent to settle clause of the insurance contract, is legally insufficient must fail.
Based on the foregoing, the plaintiffs' motion to strike is denied.
HARTMERE, J.