[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff brings this action for a declaratory judgment, asking the court to interpret certain orders of the Commissioner of the Department of Environmental Protection. The orders sought to be interpreted by the Court are the orders of May 9, 1989, by the Commissioner, which require the plaintiff to do the following:
 A. Upon the effective date of this order Respondents shall immediately remove all docks, pilings, floats, piers, riprap, fill, and other structure or work seaward of the high tide line at the site.
 B. Within ten days of the effective date of this order Respondents shall restore the shoreline at the site to the condition existing before the commencement of unauthorized work.
The plaintiff claims that the orders are inconsistent in that Order B would require the plaintiff to restore the site to its condition as it had existed prior to the work which was commenced under the auspices of a 1982 permit, issued June 3, 1982, for the extension of the then existing dock, and which the Commissioner determined was accomplished in a fashion which was not consistent with such permit.
The plaintiff claims, however, that the order referred to as A would require the plaintiff to remove all docks, structures etc., including those properly constructed prior to 1982 under CT Page 9020 the auspices of the permit which was issued to the plaintiff's predecessor in 1958.
Upon reviewing the file it does not appear that the Commissioner has any complaint as concerns the pre-1982 construction which had been accomplished under the 1958 permit. Nevertheless the order appears to require, in order A, that all
structures, including pre-1982 structures, be removed. The quandry presented by these two orders appears to be obvious.
The plaintiff had filed an appeal of the Commissioner's order. The Superior Court dismissed on the basis that the plaintiff had not served all necessary parties. The Appellate Court affirmed the dismissal. Hence neither the Superior Court nor the Appellate Court reached the merits of the plaintiff's appeal. Hence there has been no opportunity for a judicial determination as to which of the two orders, the more drastic order A or the less drastic order B is meant to be applied to the site.
This court is the third Superior Court judge who as reviewed these orders. Maloney, J., in his decision on the defendant's Motion to Dismiss, determined that "In view of the ambiguity in the Agency's decision as summarized above, the plaintiff is entitled to request, by way of a declaratory judgment, a modification of that decision" Memorandum of Decision, September 21, 1994, re-argument denied March 8, 1995.
The defendant thereafter filed this motion to strike, here again claiming failure to exhaust administrative remedies, by motion dated February 21, 1996. Judge Mary Hennessey remanded the matter to the Commissioner "for the sole purpose of clarifying whether the hearing officer's May 9, 1989 final order leaves the original dock intact." Obviously, Judge Hennessey also found the order to be ambiguous and confusing. The defendant Commissioner appealed that remand to the Appellate Court, apparently unhappy with the prospect of remand.
Judge Hennessey vacated the remand order, after motion by the defendant Commissioner. In the Court's memorandum "Regarding Defendant's Motion for Articulation", Judge Hennessey determined that the defendant "had no wish to enlist this Court's assistance in getting this matter back to the Commissioner while still preserving the status quo of the instant case." CT Page 9021
Judge Hennessey further commented "the Plaintiff Ertel was concerned that if the instant case were stricken under an agreement that the plaintiff pursue the matter further with the Commissioner, he might lose his appeal rights as to the hearing officer's May 9, 1989 final order."
The matter now comes to this Court for determination of the motion to strike. The defendant properly cites England v.Coventry, 183 Conn. 362, 365 (1981) for the proposition that even though the court has subject matter jurisdiction, whether the court can grant declaratory relief is a distinct question which is properly raised by a motion to strike. Further that "It is well established that resort to the administrative process is generally a prerequisite to invoking the jurisdiction of a court." Connecticut Association of Boards of Education, Inc. v.Shedd, 197 Conn. 562, 554 (1985.
The issue before this court is whether this court may, through a declaratory judgment procedure, interpret an administrative order. The defendant, in its second motion to dismiss, which was presented to Judge Maloney, makes the same argument that it now makes to this court, to wit that "the principle of exhaustion of administrative remedies mandated that Ertel request a declaratory ruling of the Commissioner prior to commencing any declaratory judgment action in the Superior Court." (Memorandum in support of second motion to dismiss, November 16, 1994). The second motion to dismiss was denied by Judge Maloney.
"While one may use the declaratory judgment procedure to interpret or determine the meaning of an administrative order, it cannot be used to review whether the administrative agency acted correctly or erroneously in rendering its order."
 Hartford Electric Light Co. v. Water Resources Commission, et al, 162 Conn. 89, 105 (1971
Three judges of this court, including this judge, have reviewed the orders, and have viewed the orders as being facially ambiguous. It appears that the Commissioner sees no ambiguity in the orders. The plaintiff expresses concern that if the Commissioner sees no inconsistency in the orders he will let the orders stand as such, and that he, the plaintiff, will have lost his right to a judicial clarification because of the failure of his initial appeal on solely procedural grounds. CT Page 9022
The court notes that the Commissioner, on page 9 of the Commissioner's brief in support of this motion to strike, states "Since there is no uncertainty affecting the Commissioner's final order, prayer for relief in this action for declaratory judgment is not one based on facts sufficiently alleged so as to state a cause of action for which relief can be granted by this court."
The plaintiff asserts in his brief that Connecticut General Agencies Regs. 22a-3a-4 (a)(5) and 22a-3a-6)(z)(1) allows the Commissioner on his own motion to hold a declaratory ruling proceeding or reconsider its final decision so as to at least consider determining between two apparently inconsistent and contradictory orders. Yet this was not done, which is also consistent with the commissioner's position that there is no need for clarification.
The court further notes, as aforesaid, that the Commissioner appealed Judge Hennessey's order to remand back to the Commissioner for the purpose of clarifying the decision.
These factors indicate no intention on the part of the Commissioner to consider a clarification of the decision, but rather constitute a fairly clear affirmation that the Commissioner, who issued the order, feels that there is no necessity for clarification. Of what use therefore would be a declaratory judgment for clarification before the commissioner when the commissioner persistently declares that there is no need for clarification.
"We have recognized several exceptions including one that a party need not exhaust an inadequate or futile administrative remedy. This court has acknowledged that a strong justification may exist for creating an exception to requiring submission to the administrative process. Such justification is present on the record before us."
 Greenwich v. Liquor Control Commission, 191 Conn. 542, 547, 548 (1983).
Such circumstances are not applicable where "the record reflects the Commissioner's willingness to consider
proposals . . . to modify or eliminate certain . . . requirements originally imposed by the Commissioner." See Polymer Resources,Ltd. v. Keeney, 227 Conn. 545, 562 (1993). CT Page 9023
The record in the present case reflects that the position of the Commissioner herein is the precise opposite of the position reflected in the record in Polymer Resources, Ltd. v. Keeney,
supra.
For the reasons set forth herein, the motion to strike is denied.
L. Paul Sullivan, J.